Jones, J.
We conclude that the facts disclosed in this record were such as to warrant a persoji of reasonable caution in believing that a frisk of defendant’s person-was appropriate (People v. Moore, 32 N Y 2d 67, 69; Terry v. Ohio, 392 U. S. 1, 21-22). This being so the motion to suppress the gun discovered in the course of the frisk was properly denied. The proper determination in cases of this sort must necessarily turn on the facts in each individual case.
At 8 o ’clock in the evening a teenager previously unknown to him approached Patrolman Anderson on 143rd Street between Seventh and Eighth Avenues in New York City. The youth reported that he had been an eyewitness to an attempted robbery at the rear of a building in the immediate vicinity. He described the robber, in whose hand he had seen a gun, as tall, wearing a black leather jacket, and bearded, with a slight afro hair style. At this point defendant in the company of two others came down the street and the teenager pointed to defendant as the person who had committed the attempted robbery. In response to the officer’s request for confirmation, the teenager said he was certain that defendant was the person he had seen.
Patrolman Anderson, without asking for or obtaining any identification of his informer, followed the trio, meanwhile calling for assistance by walkie-talkie. Defendant was kept constantly in view as he walked northerly on Eighth Avenue. Patrolman Anderson was picked up by his back-up unit in a marked patrol car and they continued to follow defendant. At the corner of Eighth Avenue and 146th Street with 30 to 50 people standing about the officer got out of the patrol car and as he approached defendant the latter “ sort of turned and looked in [his] direction and started walking away ”, whereupon the officer grabbed him with one hand, spun him around and patted him down, and discovered the gun in his right coat pocket.
We reject defendant’s contention that in the circumstances of this case the failure of Patrolman Anderson to obtain the teenager’s name and address or to inquire further as to his identity, coupled with the absence of any corroboration of the information he gave, requires suppression of the gun. In the early evening hours on the streets of New York City a police officer on his beat was informed of an attempted robbery at gun point by an eyewitness thereto. When defendant walked by *196 shortly thereafter the witness supplemented his initial general description with an individualized, specific identification. As the officer approached defendant he turned and started to walk away. In these circumstances we cannot conclude that there was not sufficient ground for reasonable suspicion. By like token we cannot conclude that where a gun had been the instrumentality of a reported crime a frisk of defendant by one known to him to be an officer, in the manner in which it was conducted here, was inappropriate.
In our view this case approaches the limit for a finding of reasonable suspicion prerequisite to a frisk (cf. People v. Bronk, 31 N Y 2d 995). There is a difference of significant. degree between a report only that a person has a gun in his possession and another report that' a person notWly has a gun but that he has just used it for the commission of crime. Similarly turning the defendant around by his arm for a pat down is not the same as a bear-hug grab from the rear by one not known to be an officer of the law. A citizen walking our streets should not, without more, be exposed to physical assault by a police officer on the basis of an unsubstantiated report of the mere possession of firearms volunteered by a stranger. To condone such conduct would be to expose innocent persons to harassment by pranksters and irresponsible meddlers. As indicated, however, there was more in the case now before us.
The order of the Appellate Division in this case should be affirmed.
Chief Judge Bbeitel and Judges Gabbielli, Wachtleb, Rabin and Witmeb* concur; Judge Stevens taking no part.
Order affirmed.

 Designated pursuant to section 2 of article VI of the State Constitution,