THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEJANDRO RIVERA, Appellant.

First Department, June 12, 1975

*Theodore F. Tonkonogy* for appellant.

*Fredric A. Kerstein* of counsel *(Mario Merola, District Attorney),* for respondent.

*Per Curiam.* Defendant, Alejandro Rivera, was in the driver's seat of his automobile parked in a bus stop area on Melrose Avenue in The Bronx on the afternoon of August 19, 1972. A patrol car passing by in the opposite direction made a U-turn, parked behind the car, and one police officer then proceeded to approach the car on the driver's side. The driver, when asked for his license and registration, got out of the car and presented the auto registration but could produce no license. Meanwhile, the second officer approached the car on the passenger side and opened the front door. He removed a package from the floor well. The package was allegedly a round-cake form wrapped in white plastic. There was a wedge-shaped opening in the package approximately two inches wide and six inches long, through which some loose strands of a substance which had an appearance of smoking tobacco, but which the officer knew to be marijuana, were protruding. The balance of the round "cake" appeared to be solid. The driver and the two female occupants in the rear seat were arrested.

The defense witnesses testified that the cake was in a brown paper bag on the floor of the car. It was claimed that it was

left there for a few moments by a friend and that none of the occupants of the car was aware of the contents of the brown shopping bag. The officer who approached the car first removed the shopping bag and then removed its contents. The defense version was corroborated by a disinterested witness who observed the scene from an apartment window with a view directly over the bus stop.

The police and defense testimony coalesce in that both indicate that a female had an overview of the scene from a third-story window. They also agree that a brown paper bag was in the front well of the car. However, the police claim was that the marijuana was on top of this brown bag in plain view while defense testimony places the marijuana inside the bag.

Furthermore, the police testimony of an opening approximately two inches wide and six inches long on the side of the wrapping of the marijuana cake was not borne out.

The officer testified at the preliminary hearing that his finding a rip in the plastic bag covering the marijuana would appear as a notation in his "arrest record." However, no such notation was found. Nor could the officer testify at the suppression hearing to any notation of that sort which was made anywhere.

While we are aware that the defendant has the burden of demonstrating the illegality of the search involved *(People v Berrios,* 28 NY2d 361), the facts adduced at the hearing amply reveal that that burden was sustained and not rebutted by police testimony to the contrary.

It seems incredible that anyone in broad daylight would leave a cake of marijuana with some strands sticking out in plain view on the front well of a car parked illegally on a main thoroughfare.

We must conclude, therefore, that the search conducted was not incident to arrest and was without any other legal justification. The showing subsequent to the search of possession of a contraband substance cannot transform an illegal search into one which is legal (cf. *People v Munoz,* 40 AD2d 337, affd without opn 33 NY2d 998; *People v Pagliarulo,* 41 AD2d 563).

In view of the illegality of the initial search, the other material (a gun, ammunition, and a blackjack) recovered from the car were also improperly seized. Since the indictment only

alleges crimes of possession of contraband, which contraband was illegally seized, it must be dismissed.

Accordingly, the judgment of the Supreme Court, Bronx County, rendered December 12, 1973, convicting the defendant upon a plea of guilty of the crime of attempt to commit the crime of criminal possession of a dangerous drug in the fourth degree, should be unanimously reversed on the law, the motion to suppress granted, and the indictment dismissed.

MARKEWICH, J. P., MURPHY, LUPIANO, LANE and NUNEZ, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered on December 12, 1973, unanimously reversed, on the law, the motion to suppress granted, and the indictment dismissed.