THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE COFIELD, Appellant.

First Department, December 21, 1976

*Carol Berkman* of counsel *(William E. Hellerstein* and *William J. Gallagher,* attorneys), for appellant.

*Peter L. Zimroth* of counsel *(Robert M. Gross* with him on the brief; *Robert M. Morgenthau, District Attorney),* for respondent.

LANE, J. Willie Cofield pleaded guilty to possession of a weapon as a felony after the denial of a motion to suppress physical evidence. He was sentenced to a five-year term of probation. On this appeal, review is sought of the correctness of the denial of that motion.

The testimony at the hearing came solely from the mouth of a Patrolman Kelly who, on the date in question (July 3, 1974), was assigned to direct traffic at the intersection of 12th Avenue and 42nd Street. At about 1:45 P.M. on that day, three or four people at the northwest corner of the intersection signaled to him and stated that there was a young woman being assaulted at the entrance to the garage housed in the same building as the Sheraton Motor Inn. Kelly approached the garage and saw a woman lying on the floor "crying and screaming" who said to him, "He's got a gun." Upon further inquiry she stated, "He's going out the garage in the car." The only car then leaving the premises was that driven by the defendant. The officer stopped the defendant, told him he was under arrest, and ordered him out of the car. The defendant was then frisked and no gun was found on his person. By then, a radio motor patrol car drove up and the two additional patrolmen watched the defendant while Officer Kelly searched the car. On the back seat of the car was an open black satchel and inside it was visible an open brown paper bag. In the brown bag was a loaded "357 Magnum" and an extra shell.

Officer Kelly, arriving on the scene after being told of an assault by passersby and seeing a woman crying on the floor, was justified in concluding that an assault had taken place, and furthermore that the person pointed out by the woman was the perpetrator.

The dynamics of this police-citizen encounter (i.e., relation of an assault coupled with the officer's own personal observations) clearly warranted the arrest and immediate frisk of the defendant (cf. *People v De Bour,* 40 NY2d 210, 225). The search of the automobile was permissible not only as an adjunct and incident of the arrest (see, e.g., *People v Weintraub,* 35 NY2d 351, 353) but also because the "maximum

intrusion"—detention of the individual—had already taken place *(People v Perel,* 34 NY2d 462, 467). Clearly, when the weapon was not found on the person of the defendant, the next logical place to look for it would be in the automobile, the place where the defendant had been immediately before the arrest *(People v Fitzpatrick,* 32 NY2d 499, 507).

To require the police under the circumstances presented in the case at bar first to take the vehicle to the stationhouse would result in expending additional enforcement time and energy without any compensating protection to the defendant *(People v Kreichman,* 37 NY2d 693, 700).

"In short, the law of search and seizure has not become so recondite that it condemns necessarily prompt reasonable conduct in effecting the interests of public safety in crimes involving murder, assaults, deadly weapons, and the like." *(People v Singleteary,* 35 NY2d 528, 533.)

Accordingly, the judgment of the Supreme Court, New York County (SHEA, J.), rendered April 17, 1975, convicting the defendant upon a plea of guilty of the crime of possession of a weapon as a felony, after denying a motion to suppress physical evidence, should be affirmed.

MURPHY, J. (dissenting). Defendant appeals from a judgment convicting him, upon his plea of guilty, of possession of a weapon as a felony and sentencing him to a five-year term of probation. The plea followed denial of appellant's motion to suppress physical evidence. Since, for the reasons hereinbelow stated, I believe the motion to suppress should have been granted, I vote to reverse the instant conviction.

The suppression hearing disclosed that at approximately 1:45 P.M. on July 3, 1974, a police officer on traffic duty was informed by several pedestrians that a woman was being assaulted in a nearby garage. The officer proceeded to the described premises and found a woman "crying and screaming" on the ground. The woman further informed the officer that defendant, who was then driving a car out of the garage, "got a gun".

The officer approached the automobile, ordered defendant out of it and frisked him; but found no weapon on his person. Custody of defendant was then turned over to two other officers who had, by then, arrived on the scene; and the first officer proceeded to search the automobile. Not finding a weapon in plain view, or under the seat, the officer opened a

brown paper bag lying on top of some clothing in an open satchel and found a loaded .357 magnum pistol and some ammunition therein. Defendant was thereupon indicted for possession of a loaded firearm and of possession of the firearm plus the ammunition which could be used to discharge it.

Although the police officer testified that he immediately placed appellant under arrest, and the People contend on this appeal that defendant was arrested for assault, the suppression court apparently validated the search under the officer's common-law or statutory right to investigate, stop and search. *(People v De Bour,* 40 NY2d 210; CPL 140.50.) I find no justification for the full blown search of the automobile, in the circumstances of this case, under either contingency.

If appellant was arrested prior to the discovery of the gun there was no probable cause therefor. The police officer acted on nothing more than unsubstantiated reports from unknown persons that a woman had been assaulted. No one pointed to defendant as the perpetrator. Even the presumed victim, crying on the ground, did not accuse appellant of assault; only of possession of a gun. The events which preceded the arrival of the officer were never detailed. So far as the instant record is concerned, the crying woman vanished after she alerted the officer to the fact that defendant possessed a weapon. As far as the assault is concerned, it is just as conceivable that the woman was assaulted by another, perhaps a boy friend with whom she was having an altercation, and that the perpetrator had been frightened off or chased away when defendant displayed a weapon, possibly to defend the assault victim. I have, of course, no more knowledge of the actual events than my colleagues; but I cannot bridge the evidentiary gap to find facts sufficient to support probable cause for an assault arrest when there are none articulated here. Accordingly, the search cannot be validated as incident to a lawful arrest. In such connection, it is also parenthetically noted that defendant was never charged with assault.

Turning then to the common-law and statutory right to inquire, there is even a question as to whether the frisk was permissible. *(People v Bronk,* 31 NY2d 995.) But even assuming it was, a frisk was the limit of the permissible intrusion. *(People v Green,* 35 NY2d 193.) After defendant was found to be "clean", the officer was obliged to proceed with his investigation before a full blown search of the automobile and its contents could be justified.

Based on the foregoing, the judgment appealed from should be reversed and vacated, the motion to suppress granted and the indictment dismissed.

LUPIANO, BIRNS and CAPOZZOLI, JJ., concur with LANE, J.; MURPHY, J. P., dissents in an opinion.

Judgment, Supreme Court, New York County rendered April 17, 1975, affirmed.