THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ODELL MAHONEY, Appellant.

Fourth Department, December 16, 1977

APPEARANCES OF COUNSEL

*Louis J. Colella* for appellant.

*Raymond Sciarrino, District Attorney,* for respondent.

## OPINION OF THE COURT

WITMER, J.

On this appeal we consider police searches of the owner of a vehicle and of the vehicle, both without a warrant; and we conclude that in the circumstances of this case County Court erred in denying defendant's motion to suppress marijuana seized from the air vent in the vehicle, a van.

The evidence on the suppression hearing is that Officer Mahus stopped the vehicle because he observed that it had an inadequate muffler. The driver informed him that the passenger (the defendant) was owner of the vehicle. On learning defendant's identity Officer Mahus checked with his police headquarters and learned that defendant was wanted on an

outstanding warrant for issuing a bad check. He thereupon arrested defendant and handcuffed him and, as he was about to search him incidental to the arrest, defendant stated that he had a knife. The officer found a 12-inch knife on him. At this point Officer Mahus was joined by Officer Smith. While the four of them were beside the vehicle, with Officer Smith watching defendant and the driver, Officer Mahus observed license plates on a shelf in the vehicle; he entered the vehicle to read them and, on checking with police headquarters, he learned that one of them was stolen. Officer Mahus then re-entered the vehicle, purportedly to search for "additional weapons or stolen property". When asked whether he was then in fear for his safety, he replied, "There's a possibility there, I believe". He acknowledged, however, that he entered the vehicle to get the license plates and not to search for weapons, and that he was not then concerned for his safety. He later testified that he re-entered the vehicle to search for weapons because he feared for his safety. At this time he reached into the air vent in front of the passenger seat and withdrew a bag of marijuana; and then arrested both the defendant and the driver for possession thereof. He testified that both the driver and defendant were then out of the vehicle under watch by Officer Smith, and there was no reasonable possibility that they could reach any weapon in the vehicle, if one was there. At this point, the officers could have detained the vehicle and sought a warrant to search its contents, without danger to themselves or danger of disappearance of the contents.

■ "The Federal and State Constitutions do not prohibit all warrantless searches and seizures, but only those which are 'unreasonable'" (People v Kreichman, 37 NY2d 693, 696). It is, however, a basic constitutional rule that "searches conducted outside the judicial process * * * are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions" (Katz v United States, 389 US 347, 357). The classical categorical exceptions which permit searches without a warrant are (1) a consensual search, (2) seizure of evidence and contraband in plain view, (3) search and seizure incidental to a lawful arrest and (4) search and seizure based upon probable cause (People v Singleteary, 35 NY2d 528, 531-532). A further exception, applicable to automobiles, permits (5) a search without a warrant in exigent circumstances where there exists probable

cause *(People v Kreichman, supra,* p 697; *People v Single-teary, supra,* p 532; *Coolidge v New Hampshire,* 403 US 443, 460; *Chambers v Maroney,* 399 US 42, 51).

In upholding the search of the van and the seizure of the marijuana, County Court found that the search and seizure were incident to a lawful arrest. It is well settled that upon a lawful arrest, "a search may be made of the *person* of the arrestee by virtue of the lawful arrest * * * [and] of the area within the control of the arrestee" *(United States v Robinson,* 414 US 218, 224). The area within the immediate control of the person arrested has been construed to mean, "the area from within which he might gain possession of a weapon or destructible evidence" *(Chimel v California,* 395 US 752, 763), and "includes those personal effects of the arrestee that are 'ready to hand' " *(People v Weintraub,* 35 NY2d 351, 354).

"It is generally accepted, that, based on reasonable grounds, the legitimate objective of a warrantless search incident to arrest are *[sic]* to permit the '(1) seizure of fruits, instrumentalities and other evidence of the crime for which the arrest is made in order to prevent its destruction or concealment; and (2) removal of any weapons that the arrestee might seek to use to resist arrest or affect *[sic]* his escape' " *(People v Adams,* 32 NY2d 451, 455; see, also, *United States v Robinson, supra; Chimel v California, supra).*

The ground asserted by Officer Mahus for the warrantless search of the van was the removal of weapons. However, his testimony controverts this assertion. When he entered the van to obtain the license plates, he saw no weapon or any other dangerous instrument and he was not concerned about his own safety.

Defendant was arrested on the bad check charge. The later observation of a stolen license plate in the vehicle enhanced the officer's interest in the contents of the vehicle, but there was no need at that time for the officer to search the vehicle without first obtaining a warrant. "The search here went far beyond the [defendant's] person and the area from within which he might have obtained either a weapon or something that could have been used as evidence against him. There was no constitutional justification, in the absence of a search warrant, for extending the search beyond that area" *(Chimel v California, supra,* p 768; see, also, *People v Spinelli,* 35 NY2d 77; *People v Adams,* 32 NY2d 451; *People v Pagliarulo,* 41

AD2d 563). After the search the discovery "of possession of a contraband substance cannot transform an illegal search into one which is legal" *(People v Rivera,* 48 AD2d 305, 307). There being no other valid basis for the warrantless search, the search was unreasonable and the motion to suppress the marijuana seized should have been granted.

The factual situation here is far different from that in *People v Fustanio* (35 NY2d 196) wherein the defendant and his vehicle were stopped on information that defendant was escaping from the scene of a burglary, and the burglar was then identified and burglary tools were observed in the vehicle. The seizure of the vehicle and its later search in the sheriff's parking lot without a warrant were sustained there, based upon probable cause (and see *Cardwell v Lewis,* 417 US 583, distinguishing the taking of exterior evidence on a vehicle without a warrant from an interior search thereof without probable cause; and *People v Cofield,* 55 AD2d 113, dissenting opn by MURPHY, J. P. [as he then was], pp 115-116).

■ Defendant's contention that the stolen credit card seized from his person when he was searched at the police station should have been suppressed as tainted by the illegal search of the vehicle is without merit. "[T]here is no doubt that once the arrested person is taken to the place of detention a full inventory search is merited for his protection and that of his property, as well as for the safety of his custodians and fellow prisoners" *(People v Troiano,* 35 NY2d 476, 478). "The reason searches of a person and his immediate effects at a place of detention are permissible lies not in the fiction that they are incident to the arrest but because of the maximum intrusion already effected by an arrest and detention pending arraignment" *(People v Perel,* 34 NY2d 462, 467).

Defendant had been arrested on the bad check charge based upon the outstanding warrant. This arrest was prior to and independent of the arrest for his possession of marijuana. The search and inventory of his personal effects at the police station was a necessary and reasonable intrusion, and the seizure of the credit card was proper.

The judgment convicting defendant of criminal possession of a controlled substance should, therefore, be reversed and the motion to suppress the seizure thereof should be granted. The judgment convicting defendant of criminal possession of stolen property, third degree, should be affirmed.

MARSH, P. J., DILLON, HANCOCK, JR., and DENMAN, JJ., concur.

Judgment [convicting defendant of criminal possession of a controlled substance] unanimously reversed and motion to suppress granted.

Judgment [convicting defendant of criminal possession of stolen property] unanimously affirmed.