Fuchsberg, J. (dissenting).
To permit a "pat-down” or search on no more than an anonymous telephone call, as here, would be to expose innocent individuals to intrusion on their persons whenever malicious and unidentifiable tipsters accompany their false accusations with accurate descriptions of the targets they choose to name (see People v Stewart, 41 NY2d 65, 69; People v Green, 35 NY2d 193, 196). In the present case, for instance, unlike People v Stroller (42 NY2d 1052), the defendant’s answer was not unresponsive when the police officer approached him to make a common-law inquiry in response to the anonymous telephone call. Nor, unlike People v Williams (41 NY2d 65), where the police officer had had several prior official encounters with the defendant and the latter had a suggestive bulge in the side of his overcoat (p 67), were there any such signs here. In brief, the defendant before us was not previously known to the officer, was responsive to the inquiry and there was no bulge to be observed. Accordingly, I would vote to reverse.
Order affirmed, etc.