THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER BELTON, Appellant.

Fourth Department, May 22, 1979

APPEARANCES OF COUNSEL

*Lipsitz, Green, Fahringer, Roll, Schuller & James (Paul J. Cambria, Jr.,* of counsel), for appellant.

*James R. Harvey, District Attorney (Timothy Buckley* of counsel), for respondent.

## OPINION OF THE COURT

MOULE, J.

On this appeal defendant contends that the trial court erred in denying his motion to suppress cocaine found in his jacket which was searched without a warrant in the rear seat of an automobile from which defendant had exited in order to be arrested for possession of marihuana. On April 9, 1978 a State Police officer observed an automobile with four passengers traveling 75 miles per hour on the New York State Thruway. Upon stopping the auto and questioning the driver, the officer smelled the odor of marihuana coming from within the auto and observed on the floor of the auto an envelope stamped "Supergold" which he recognized as a type of envelope that is commonly used to sell marihuana. The officer ordered the occupants from the auto and patted each down. He then removed the "Supergold" envelope from the auto and, when he found that it contained traces of marihuana, he arrested the four for possession of marihuana, read them their rights and searched them. The officer then searched the passenger compartment of the auto and seized marihuana cigarette butts which he observed in the ashtrays. He also searched five jackets that he found in the back seat and, in one of them, he found cocaine and defendant's identification. The officer then arrested the four for possession of cocaine.

On May 24, 1978 the Ontario County Grand Jury indicted defendant for criminal possession of a controlled substance in the fifth degree. Defendant pleaded guilty to attempted possession of a criminal substance in the sixth degree following the Ontario County Court's denial of his motion to suppress the cocaine.

Defendant contends that the warrantless search of his jacket violated his constitutional rights. The cornerstone of any Fourth Amendment inquiry is reasonableness and a warrantless search must come within one of the "specifically established and well-delineated exceptions" to the warrant requirement *(Katz v United States,* 389 US 347, 357). The exceptions are (1) a consensual search; (2) seizure of evidence and contraband in plain view; (3) search and seizure incidental to a lawful arrest; (4) search and seizure based upon probable cause, and, applicable to automobile searches; (5) a search in exigent circumstances where there exists probable cause *(People v Mahoney,* 60 AD2d 107, 109-110). Inasmuch as defendant does not challenge the lawfulness of either the

initial stop or the arrest for possession of marihuana, the narrow question on this appeal is whether the search of defendant's jacket in the back seat of the vehicle can be justified under one of the above exceptions.

The People contend that the search was justified as a search incident to arrest and we agree. Upon a lawful arrest, a search may be made of the person of the arrestee and of the area within the arrestee's control *(United States v Robinson, 414 US 218, 224; Chimel v California, 395 US 752, 763)*. This area includes those personal effects of the arrestee that are "ready to hand" *(People v Weintraub, 35 NY2d 351, 354)*. Warrantless searches incident to arrest are justified by the officer's need to find weapons and easily destructible evidence within the arrestee's immediate area *(United States v Robinson, supra; Chimel v California, supra)*. Such searches are also allowed so that an officer can discover the fruits of the crime, the instrumentalities used to commit the crime and contraband *(People v Lewis, 26 NY2d 547, 550-551)*.

Defendant contends that *United States v Chadwick* (433 US 1) mandates suppression of the cocaine. In that case the United States Supreme Court held unreasonable as a search incident to arrest the search of a footlocker seized from an automobile upon the defendant's arrest and searched one and one-half hours later at a police station. In *People v De Santis* (46 NY2d 82) the Court of Appeals interpreted *Chadwick* narrowly and allowed, as a search incident to arrest, the search of a suitcase in defendant's possession at the time of arrest. The court found the search reasonable because it had a close nexus to the time and place of the arrest *(People v De Santis, supra)*. The court noted that "the practical impetus for allowing these searches lies in the fact that the arrest itself constitutes such a major intrusion into the privacy of the individual that the encroachment caused by a contemporaneous search of the arrestee and his possessions at hand is in reality *de minimis" (People v De Santis, supra, p 87, citing People v Perel, 34 NY2d 462, 467-468; see, also, United States v Ochs, 595 F2d 1247)*.

In *People v Cofield* (55 AD2d 113, affd 43 NY2d 654), the First Department found reasonable as a search incident to arrest the search of a paper bag within a satchel on the back seat of defendant's auto while defendant stood outside the auto. Also, in *People v Abramowitz* (58 AD2d 921), the Third Department allowed as a search incident to arrest the search

of a leather bag behind the driver's seat of a vehicle after the driver had been arrested for driving while impaired and after pills were found during a search of his person (see, also, *People v Sauger,* 58 AD2d 919; *People v Mangan,* 55 AD2d 247, 249).

The officer's search of defendant's jacket which he found in the vehicle did not exceed constitutional limits. The search was reasonable in scope, intensity and duration. Once defendant was validly arrested for possession of marihuana, the officer was justified in searching the immediate area for other contraband.

The judgment should be affirmed.

DILLON, P. J., CARDAMONE, SCHNEPP and DOERR, JJ., concur.

Judgment unanimously affirmed.