OPINION OF THE COURT
Chief Judge Cooke.
A warrantless search of the zippered pockets of an unaccessible jacket may not be upheld as a search incident to a lawful arrest where there is no longer any danger that the arrestee or a confederate might gain access to the article.
On April 9, 1978, defendant and three companions were traveling on the New York State Thruway in Ontario County when their car was stopped by a State trooper for speeding. Upon approaching the vehicle, the officer smelled the distinct odor of marihuana emanating from within and observed on the floor an envelope which he recognized as a type that is commonly used to sell the substance. At that point the officer ordered the occupants out of the vehicle, patted each down, removed the envelope from the floor and ascertained that it contained a small amount of marihuana.
After the marihuana was found, the individuals, still standing outside the car, were placed under arrest. The officer then re-entered the vehicle, searched the passenger compartment and seized the marihuana cigarette butts lying in the ashtrays. He also rifled through the pockets of five jackets on the back seat. Upon opening the zippered pocket of one of them, he discovered a small amount of cocaine and defendant’s identification.
Following denial of his motion to suppress the cocaine, defendant pleaded guilty to attempted possession of a criminal *450 substance in the sixth degree. A unanimous Appellate Division affirmed, holding the warrantless search of the jacket lawful as incident to defendant’s arrest for possession of marihuana (68 AD2d 198). There should be a reversal.
Analysis begins with the general proposition that, except in a few narrowly circumscribed instances, the Fourth Amendment condemns warrantless searches and seizures as unreasonable (Coolidge v New Hampshire, 403 US 443, 455). The privacy interest of our citizens is far too cherished a right to be entrusted to the discretion of the officer in the field. Reasonableness of the intrusion does not turn upon the belief, however well founded it may be, that the article sought is concealed in a particular place. The Constitution, therefore, focuses upon the desirability of having the judiciary, rather than the police, determine when searches and seizures are permissible and the limitations that are to be placed upon such activities. Necessarily, then, the predicate for the warrantless search must be carefully examined to ensure that its scope, both temporally and geographically, did not exceed constitutional limits.
The People maintain that the warrantless search of defendant’s jacket was reasonable on the ground that it was incident to his lawful arrest. A custodial arrest of a suspect based upon probable cause without a warrant in a public place constitutes a reasonable intrusion under the Fourth Amendment (United States v Watson, 423 US 411). That arrest being a lawful and substantial intrusion, any search incident thereto requires no additional justification (People v Perel, 34 NY2d 462; see, also, People v Weintraub, 35 NY2d 351).
When a suspect is placed under custodial arrest, there is always present the danger that he may seek to use a weapon to effect an escape or destroy or conceal evidence of a crime. Thus, to safeguard himself and others, and to prevent the loss of critical evidence, it is reasonable from a Fourth Amendment perspective for the arresting officer to conduct a prompt, warrantless "search of the arrestee’s person and the area 'within his immediate control’ — construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence” (Chimel v California, 395 US 752, 763). Upon arrest, the privacy interest of the arrestee in possessions within the arrestee’s immediate control are subsumed within the State’s interest in discovering weapons, *451 thwarting access to means of escape and preventing the destruction of evidence (see United States v Robinson, 414 US 218). But while the arrest establishes the authority for the warrantless search, it does not transform the initial predicate into carte blanche justification to rummage through all articles which might bear some connection to the arrestee (see Dyke v Taylor Implement Co., 391 US 216; People v Williams, 37 NY2d 206; People v Lewis, 26 NY2d 547).
The privacy interest of the arrestee in an object remains intact once he is effectively neutralized or the object is within the exclusive control of the police (see Arkansas v Sanders, 442 US 753; United States v Chadwick, 433 US 1). At that point, any exigency which would otherwise have justified a warrantless search has been dissipated and the search is no longer an incident to the arrest (but cf. People v De Santis, 46 NY2d 82; People v Darden, 34 NY2d 177).[1] The critical inquiry focuses upon the extent to which the arrestee may gain access to the property rather than the time or space between the arrest and search (see United States v Edwards, 415 US 800).
In this regard, United States v Chadwick (433 US 1, supra) is instructive. There, railroad officials in San Diego observed two individuals loading a heavy footlocker onto a train bound for Boston. Their suspicions were aroused when the trunk leaked talcum powder, a substance commonly used to mask the odor of marihuana. The officials notified Federal agents who relayed the information to their counterparts in Boston. When the train arrived in that city, the two individuals who had loaded the footlocker in San Diego were on hand and lifted it into the trunk of Chadwick’s waiting car. At that point, Federal agents arrested all three, seized the footlocker and transported them to the Federal building. There, with the arrestees safely incarcerated, the agents opened the trunk and seized a large quantity of marihuana. In holding the search unlawful, the court rejected the notion that it was incidental to Chadwick’s arrest. Said the court: "Once law enforcement officers have reduced luggage or other personal property not immediately associated with the person of the arrestee to their exclusive control, and there is no longer any danger that the arrestee might gain access to the property to seize a weapon or destroy evidence, a search of that property is no *452 longer an incident of the arrest” (433 US, at p 15; see, also, Arkansas v Sanders, 442 US 753, supra).
That defendant retained an expectation of privacy in the contents of his jacket pockets notwithstanding the fact of his arrest is beyond dispute. Indeed, it is difficult to imagine a more private receptacle where one might place one’s most personal items than the zippered recesses of a jacket. Defendant’s arrest, standing alone, did not vitiate that privacy interest by being converted into a license for law enforcement authorities to engage in a warrantless search of unlimited temporal and geographic scope. Once defendant had been removed from the automobile and placed under arrest, a search of the interiors of a private receptacle safely within the exclusive custody and control of the police may not be upheld as incident to his arrest (United States v Chadwick, 433 US 1, supra; Arkansas v Sanders, 442 US 753, supra). The car was in a secure place where it could have been easily guarded, its occupants under arrest and safely away from the vehicle, their removal to the police station imminent.[2] There was, therefore, no reason why the search should not have awaited the issuance of a warrant.
Accordingly, the order of the Appellate Division should be reversed, the motion to suppress granted and the indictment dismissed.

. To the extent that these cases may be read to suggest otherwise, they are disapproved.

. One searches the record in vain.for support of the dissenter’s claim that at the time of arrest — the point from which the predicate for the warrantless search is measured — "the jackets were within reach of the four suspects and had not yet been reduced to the exclusive control of the officer” (dissenting opn, p 454). Indeed, the facts, as found at the suppression hearing and affirmed by the Appellate Division, were to the effect that the jacket was searched after the defendant was removed from the vehicle and then placed under arrest.