■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG STEVENS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered June 28, 1984, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Judgment reversed, on the law and the facts, that branch of the defendant's motion which was to suppress physical evidence granted, indictment dismissed, and matter remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On June 20, 1983, at approximately 10:15 P.M., Officer Michael Mahon, while on uniform motor patrol, received a radio transmission concerning two black males who were armed with guns in the vicinity of 340 Liberty Avenue. The transmission further disclosed that one of the men was wearing a red jogging suit with lines in it, and that the other individual had a goatee, was wearing a red hat, and was also carrying a plastic bag.

Officer Mahon immediately proceeded to the designated location and there observed five black males standing in front of a grocery store. One of the men was wearing a red jogging suit with lines in it, and the officer further observed that another individual, whom he later identified as the defendant, had in his possession a plastic bag. The five men quickly dispersed. Officer Mahon, without uttering a word, reached for the defendant, who had passed almost directly in front of the police car, grabbed him by the shirt, and retrieved the plastic bag. The officer subsequently searched the bag, and contained therein was a loaded revolver.

The defendant was ultimately convicted, after a jury trial, of criminal possession of a weapon in the third degree. On appeal, the defendant contends, inter alia, that he was subjected to an unlawful search and seizure and that the weapon, therefore, should have been suppressed. We find merit to this contention and, accordingly, conclude that the judgment of conviction must be reversed and the indictment dismissed.

The record is devoid of information as to where the defendant was standing in relation to the individual in the red jogging suit. Moreover, the fact that a man is in possession of

a plastic bag, while in front of a grocery store, is not unusual or distinctive, nor, under the circumstances, does it suffice to justify the conclusion that the defendant was the individual referred to in the radio transmission, since the officer's testimony failed to establish that the defendant was the only individual amidst the group of five who was in possession of a plastic bag.

In sum, the defendant, who was behaving in neither a suspicious nor furtive manner, should not have been exposed to police action of the intensity resorted to by Officer Mahon, solely on the basis of an "unsubstantiated report of the mere possession of firearms volunteered by a stranger" (see, People v Green, 35 NY2d 193, 196). We, therefore, conclude that that branch of the defendant's motion which was to suppress should have been granted and the indictment must, accordingly, be dismissed.

In light of our determination, the defendant's remaining contentions need not be addressed. Lazer, J. P., Mangano, Lawrence and Eiber, JJ., concur.