■ The People of the State of New York, Respondent, v Gary Pursley, Appellant.—

On April 25, 1985, appellant and codefendant Anthony Strickland accosted 61-year-old Dora Steward from behind as she was exiting a subway station. They pushed her down and forcibly stole her shoulder bag. As the perpetrators fled, a firefighter on a nearby fire truck saw them and heard Ms. Steward scream that they had taken her bag. The firefighter jumped off the truck and pursued the two. When he caught up with them, they were "rummaging" through the bag.

Two Housing Authority police officers arrived and searched the perpetrators for weapons. Ms. Steward then arrived and identified the two perpetrators. After she went through the bag and determined that her wallet and credit cards were

---

missing, a second search of the robbers was conducted, and the officers recovered these items from Strickland's jacket. City police officers arrived soon thereafter and arrested appellant and Strickland.

Both direct and circumstantial evidence in this case establishes appellant's guilt beyond a reasonable doubt. Appellant and Strickland matched the description of the robbers, were found at the end of the robbers' trail by those who pursued them almost continuously from the scene of the crime, and were actively handling the proceeds of the crime when they were caught.

While appellant maintains that the prosecutor's summation was improper, an examination of the record reveals that it was both within the bounds of legitimate advocacy and appropriately responsive to the arguments advanced in appellant's summation.

Appellant claims that the suppression court erred when it held that there was probable cause to stop and search Strickland and that the wallet should, accordingly, have been suppressed. However, appellant lacks standing to challenge the search of Strickland, since he was not the person against whom the search was directed and he cannot complain that his constitutional privacy protections have been infringed as a result of Strickland's search. *(See, People v Wesley,* 73 NY2d 351.) Moreover, the record fully supports the suppression court's finding that the officer had probable cause to arrest Strickland and that the search was thus lawful. *(See, People v Cofield,* 55 AD2d 113.)

We have considered defendant's other claims and find them to be of no merit. Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.