■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANNY HERNANDEZ, Respondent.

At the suppression hearing, the sole witness was the arresting officer who testified that on the evening in question he and his partner had overheard radio communications relative to a certain apartment building during which mention had been made of a red jacket. Later that evening the officers responded to a radio run of an armed, dark skinned hispanic male, at that location, dressed in a black leather coat and light colored pants, purportedly intent on killing an individual. Upon their arrival the officers encountered seven or eight hispanic teenagers outside the apartment who assured the police that there was no problem. Inside the apartment the officers were likewise assured by defendant, singled out as the intended victim, that there was no problem. After further questioning, defendant headed downstairs after donning a red jacket. As the officer and his partner were about to leave, someone from the group outside the apartment advised the officers that defendant had a gun. Upon reaching the defendant the officers asked him to stop and raise his hands; defendant was subjected to a frisk, whereupon a .22 caliber revolver was removed from defendant's jacket pocket.

The order suppressing the evidence should be affirmed. "There is a difference of significant degree between a report only that a person has a gun in his possession and another report that a person not only has a gun but that he has just used it for the commission of crime" *(People v Green,* 35 NY2d 193, 196). The officers did not have a sufficient basis for suspecting that defendant was armed.

Further, were we to reach the conclusion that the information and the attendant circumstances supported a reasonable suspicion to stop and detain defendant, we would find that the frisk was unauthorized. The right to frisk is a corollary to the right to temporarily detain when the confronting officer reasonably suspects that he is in danger of physical injury (CPL 140.50 [3]; *People v De Bour,* 40 NY2d 210, 223). The earlier radio reports and the officer's on the scene investigation suggested that defendant was the intended victim, not the armed aggressor. Accordingly, there was an insufficient basis for the officer to suspect that defendant was dangerous *(see, People v Russ,* 61 NY2d 693). Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.