BALES, Justice,
dissenting.
¶ 26 Police officers immediately confronted Gant when he drove up and got out of his car; within minutes, they arrested him, placed him in handcuffs, and locked him in a patrol car; they then promptly searched his car, where they found a pistol and a bag of cocaine. The majority holds that the warrantless search cannot be justified as incident to Gant’s arrest because, at the time of the search, there were no exigent concerns for either officer safety or the preservation of evidence. See Op. ¶¶ 13, 20.
¶ 27 Because I believe that the majority’s reasoning and conclusion are inconsistent with the Supreme Court’s decision in New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), I respectfully dissent. Although there may be good reasons to reconsider Belton, doing so is the sole prerogative of the Supreme Court, even if later developments have called into question the rationale for its decision. See State Oil Co. v. Khan, 522 U.S. 3, 20, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997).
*8 ¶ 28 Belton itself was an extension of the Court’s holdings in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), and United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). In Chimel, the Court held that, incident to a lawful arrest, police may properly search the arrestee and the area within the arrestee’s “immediate control” without a warrant. 395 U.S. at 763, 89 S.Ct. 2034. Although “Chimel searches” are justified by general concerns for officer safety and the preservation of evidence, see id., in Robinson the Court held that such searches are permissible regardless of whether, in the circumstances of a particular ease, “there was present one of the reasons supporting the” exception to the warrant requirement, 414 U.S. at 235, 94 S.Ct. 467.
¶29 The Court in Belton considered the application of Chimel and Robinson when police arrest an occupant or recent occupant of an automobile. There, an officer stopped a car and, having reason to believe the occupants unlawfully possessed marijuana, ordered the driver and his three companions out of the car and placed them under arrest. 453 U.S. at 455-56, 101 S.Ct. 2860. After searching each individual, the officer then searched the car’s passenger compartment, where he discovered a jacket on the back seat. Id. at 456, 101 S.Ct. 2860. He opened one of the jacket pockets and found cocaine. Id.
¶ 30 Belton upheld the officer’s search of the jacket as a valid search incident to arrest even though it occurred after the defendant had been removed from the car and could not reach the jacket. Id. at 462-63, 101 S.Ct. 2860. The Court first extended the Chimel exception to the passenger area of a car by adopting the “generalization” that an arrestee might reach within this area to grab a weapon or destroy evidence. Id. at 460, 101 S.Ct. 2860. Having defined the area of the suspect’s “immediate control” to include the passenger compartment, the Court went on to hold that “when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment” and “the contents of any containers found within.” Id. (footnote omitted).
¶ 31 The search authorized by Belton does not depend on a case-specific determination that there may be weapons or evidence in the automobile. Indeed, the Court noted that its holding would allow searches of containers that “could hold neither a weapon nor evidence of the criminal conduct for which the suspect was arrested.” Id. at 461, 101 S.Ct. 2860. The Court nonetheless concluded that the lawful arrest itself justified the search. Quoting Robinson, the Court noted that “[t]he authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would ... be found.” Id.
¶32 In holding that the search of Gant’s automobile violated the Fourth Amendment, the majority’s analysis conflicts with Belton in three respects. The majority concludes that the search was not incident to Gant’s arrest because the Chimel concerns for officer safety and preservation of evidence were not present. See Op. ¶ 13 (“Absent either of these Chimel rationales, the search cannot be upheld as a lawful search incident to arrest.”).
¶ 33 The validity of a Belton search, however, clearly does not depend on the presence of the Chimel rationales in a particular case. Indeed, in Belton, the New York Court of Appeals, much like the majority here, held that the search could “not be upheld as a search incident to a lawful arrest where there is no longer any danger that the arrestee or a confederate might gain access to the article.” 453 U.S. at 456, 101 S.Ct. 2860 (quoting People v. Belton, 50 N.Y.2d 447, 429 N.Y.S.2d 574, 407 N.E.2d 420, 421 (1980)). In reversing the state court and upholding the search, the Court in Belton did not question the state court’s finding that the jacket was inaccessible. Justice Brennan, dissenting in Belton, pointedly noted that “the Court today substantially expands the permissible scope of searches incident to arrest by permitting police officers to search areas and containers the arrestee could not *9 possibly reach at the time of arrest.” Id. at 466, 101 S.Ct. 2860.
¶34 Justice Brennan explicitly made the argument that the majority adopts here. “When the arrest has been consummated and the arrestee safely taken into custody, the justifications underlying Chimel’s limited exception to the warrant requirement cease to apply: at that point there is no possibility that the arrestee could reach weapons or contraband.” Id. at 465-66, 101 S.Ct. 2860. While these observations have force, if they did not persuade a majority of the Supreme Court in Belton, I do not think it is appropriate for our Court to effectively rewrite Belton as embracing them now.
¶ 35 Belton is also inconsistent with the majority’s focus on the Chimel rationales at the time of the search. See Op. ¶¶ 13-14. In Belton itself the search did not take place until after the officer had already removed the defendant from the car. 453 U.S. at 456, 101 S.Ct. 2860. The Court did not consider whether one of the Chimel rationales was present at the time of the search; instead, the Court noted that the search was justified by the arrest itself. Id. at 461, 101 S.Ct. 2860. That the jacket was within the passenger compartment in which Belton “had been a passenger just before he was arrested,” meant that it was within his “immediate control” for purposes of the search incident to arrest. Id. at 462, 101 S.Ct. 2860 (emphasis added).
¶ 36 Because a Belton search is justified by circumstances that the Supreme Court thought generally exist upon the arrest of the occupant of a vehicle, the validity of the search does not depend on particularized concerns for officer safety or preservation of evidence at the time of the search. Thus, Belton rejected the argument that the search of the jacket in that case was improper because it did not occur until after the officer had reduced it to his “exclusive control.” Id. at 461 n. 5, 101 S.Ct. 2860. Recognizing the implications of the Court’s reasoning, Justice Brennan noted, “Under the approach taken today, the result would presumably be the same even if [the officer] had handcuffed Belton and his companions in the patrol car before placing them under arrest____” Id. at 468, 101 S.Ct. 2860.
¶ 37 The point noted by Justice Brennan in his dissent has been recognized by nearly every appellate court that has since considered the issue: Belton implies that warrant-less searches may be conducted even when the arrestee has been handcuffed and locked in a patrol car. See, e.g., United States v. Hrasky, 453 F.3d 1099, 1101 (8th Cir.2006) (stating that the incapacitation of the arrestee does not invalidate a subsequent search incident to arrest under Belton), cert. denied, — U.S. -, 127 S.Ct. 2098, 167 L.Ed.2d 812 (2007); United States v. Weaver, 433 F.3d 1104, 1107 (9th Cir.) (concluding that Belton controls where the arrestee is handcuffed and locked in a patrol car), cert. denied, — U.S. , 126 S.Ct. 2053, 164 L.Ed.2d 804 (2006); United States v. Wesley, 293 F.3d 541, 547-49 (D.C.Cir.2002) (same); United States v. Humphrey, 208 F.3d 1190, 1202 (10th Cir.2000) (same); 3 Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 7.1(c), at 517 & n. 89 (4th ed.2004) (listing cases).
¶ 38 That the Chimel rationales need not be present in a particular case does not, as the majority contends, mean that police may conduct warrantless searches hours after an arrest. See Op. ¶ 15. Belton upheld the warrantless search of a vehicle’s passenger compartment “as a contemporaneous incident” of the occupant’s arrest. 453 U.S. at 460, 101 S.Ct. 2860 (emphasis added). In so ruling, the Court distinguished United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), as not involving a search incident to an arrest, see 453 U.S. at 461-62, 101 S.Ct. 2860. The post-arrest search in Belton was justified because it was incidental to the arrest, not because other exigencies were present that were absent in Chadwick. Thus, although Belton does not require a warrantless search to occur simultaneously with the arrest, it must occur within some temporal proximity. See Hrasky, 453 F.3d at 1101 (discussing decisions requiring search to occur “roughly contemporaneous with the arrest” or within a “reasonable time” after police obtain control of the vehicle); United States v. Butler, 904 F.2d 1482, 1484 (10th *10 Cir.1990) (concluding that search of item found in vehicle at police station not contemporaneous with arrest); State v. Smith, 120 Idaho 77, 813 P.2d 888, 891 (1991) (stating that half hour delay between arrest and search permissible); State v. Kunkel, 455 N.W.2d 208, 210 (N.D.1990) (concluding that search at police station not contemporaneous with earlier arrest).
¶ 39 The majority also departs from Belton’s determination that searches in this context should be guided by a “straightforward rule” that does not depend on ease-by-case adjudication. See 453 U.S. at 458-59, 101 5. Ct. 2860. The majority concludes that a Belton search is not justified unless, “based on the totality of the circumstances,” there is a “reasonable risk to officer safety or the preservation of evidence.” Op. ¶23. Such an inquiry can only be made on a case-specific basis, initially by officers in the field and, if a search is later challenged, post hoe by reviewing courts. This approach is at odds with the core premise of Belton. See Thornton v. United States, 541 U.S. 615, 622-23, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004) (“The need for a clear rule, readily understood by police officers and not depending on differing estimates of what items were or were not within reach of an arrestee at any particular moment, justifies the sort of generalization which Belton enunciated.”).[6]
f 40 The bright-line rule embraced in Belton has long been criticized and probably merits reconsideration. Belton created a significant exception to the Fourth Amendment’s warrant requirement by making a generalization about the exigencies of arrests involving automobiles and then allowing searches whether or not the concerns justifying the exception were present in any particular case. Belton thus rests on a “shaky foundation,” id. at 624, 124 S.Ct. 2127 (O’Connor, J., concurring in part), that has become even more tenuous over time. Police officers routinely secure suspects by handcuffing them before conducting Belton searches. Id. at 628, 124 S.Ct. 2127 (Scalia, J., joined by Ginsburg, J., concurring in the judgment) (noting that “[i]f it was ever true that” arrestees generally have access to passenger compartments, “it certainly is not true today”). See generally David S. Rudstein, Belton Redux: Reevaluating Belton’s Per Se Rule Governing the Search of an Automobile Incident to an Arrest, 40 Wake Forest L.Rev. 1287, 1333-34 (2005) (discussing police practices).
¶ 41 But even if Belton were to be reconsidered, the approach adopted by the majority is only one of several possible alternatives. See id. at 1338-59. Although the majority revives a ease-by-case approach focusing on the presence of the Chimel rationales at the time of the search, it would also be possible to imagine a bright-line limitation to Belton’s bright-line exception. For example, one could argue that a Belton search is never justified as “incident to arrest” if it occurs after a suspect is handcuffed outside the vehicle. Or perhaps Belton should be limited so it continues to allow searches of the passenger compartment but not containers found therein, see Thornton, 541 U.S. at 634, 124 S.Ct. 2127 (Stevens, J., joined by Souter, J., dissenting), or even replaced by a rule “built on firmer ground,” id. at 625, 124 S.Ct. 2127 (O’Connor, J., concurring in part), that would allow warrantless searches when “it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle,” id. at 632, 124 S.Ct. 2127 (Scalia, J., joined by Ginsburg, J., concurring in the judgment).
¶42 If Gant had developed an argument under Article 2, Section 8, of the Arizona Constitution, we might properly have consid *11 ered whether, as a matter of state law, to reject or modify the Belton rule. Several other state courts have done so. See, e.g., State v. Eckel, 185 N.J. 523, 888 A.2d 1266, 1275-77 (2006) (rejecting Belton rule under state constitution); State v. Bauder, 924 A.2d 38, 46 ¶ 19 (Vt.2007) (describing state court decisions rejecting Belton rule under state constitutions). Here, however, we are faced only with arguments based on the Fourth Amendment.
¶ 43 We can add our voice to the others that have urged the Supreme Court to revisit Belton. See, e.g., Weaver, 433 F.3d at 1107 (noting that Belton “is broader than its stated rationale” and suggesting that the Supreme Court re-examine this issue). We cannot, however, take it upon ourselves to reexamine Belton’s interpretation of the Fourth Amendment. Because Belton allows the search of Gant’s vehicle, I respectfully dissent.
CONCURRING: RUTH Y. MeGREGOR, Chief Justice.

. Belton itself does not completely avoid the need for case-by-case inquiry, inasmuch as the Court limited the exception to searches that are the contemporaneous incident of the arrest of a vehicle's occupant or recent occupant. Justice Brennan made this veiy point in his dissent. See 453 U.S. at 469-71, 101 S.Ct. 2860. But this does not imply, as the majority contends, ¶23 n. 5, that Belton's application should turn on a case-specific finding of exigent circumstances at the time of the search. Nor does Thornton suggest that a case-specific assessment of exigent circumstances should determine whether an arrestee is a "recent occupant" for purposes of the Belton exception. See 541 U.S. at 623, 124 S.Ct. 2127 (refusing to limit Belton to searches in which police initiate contact with suspect as it would involve "inherently subjective” and "highly fact specific” determinations that Belton sought to avoid).