Judgment, Supreme Court, New York County (Carol Berk-man, J., at suppression hearing; Thomas Farber, J., at plea and sentencing), rendered January 4, 2011, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him to a term of four years, unanimously affirmed.
The court properly denied defendant’s suppression motion. There is no basis for disturbing the court’s credibility determinations. The police had information, provided by identified citizen-witnesses speaking from personal knowledge, that defendant had threatened to shoot one of the witnesses and had conveyed, at least by words and gestures, that he had a firearm. Accordingly, the police had probable cause to arrest defendant for menacing. The totality of the information in their posses *744 sion, including defendant’s conduct during the incident of returning to his vehicle parked nearby, supported a reasonable conclusion that defendant had a firearm in his car (see People v Pacifico, 95 AD2d 215, 220 [1st Dept 1983]; see also People v Cofield, 55 AD2d 113, 115 [1st Dept 1976], affd 43 NY2d 654 [1977]). Since the police had reason to believe that defendant’s vehicle contained evidence related to the crime for which he was arrested, the automobile exception to the requirement for a search warrant authorized the officers to search the vehicle (see People v Galak, 81 NY2d 463, 467 [1993]). Concur — Gonzalez, EJ., Mazzarelli, Acosta and Renwick, JJ.