■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WAYMON ANDERSON, Also Known as WAYMAN ANDERSON, Respondent. — Order of the Supreme Court, New York County (H. Cahn, J.), entered on February 22, 1984, granting defendant's motion to suppress a loaded .25 caliber pistol, is reversed, on the law and facts, the motion denied and the matter remanded to Trial Term for further proceedings.

The suppression court made the following findings of fact: Defendant, a New York City fireman, was returning home from duty and entered the 40th Street entrance to the 42nd Street station of the IND subway. He passed the token booth, exhibited his fireman's shield to the token booth attendant and proceeded through the gate. The defendant was then stopped by a police officer who told defendant that he was not entitled to enter

without paying since he was out of uniform. The officer informed defendant that he had committed the offense of trespass or theft of services (Penal Law §§ 140.05, 165.15, respectively). Defendant presented identification but an argument ensued between him and the officer. At the time he was stopped, there were three police officers in the immediate vicinity. Defendant did not threaten the officers nor did he pose a threat to them. The police conducted a search of defendant, at which time a loaded firearm was recovered. Defendant was thereupon arrested.

Based upon these findings of fact, the court concluded that "since defendant was not in uniform at the time he tried to gain free entry into the subway, the officers certainly had reasonable suspicion that a misdemeanor had been or was about to be committed. The usual procedure where, as here, a person doesn't pay the subway fare, is to issue a summons to that person. That, of course, is not all that occurred here." The court noted that a frisk is permitted by CPL 140.50 (3) only where a police officer reasonably suspects that he is in danger of physical injury. It found the search of defendant illegal because the officers had no such reasonable suspicion, and therefore granted the motion to suppress.

The hearing court, however, erred by viewing this as a "stop-and-frisk" case. The gun was seized in the course of a permissible search incident to a lawful arrest. Both defendant and the police witnesses testified in substance that defendant was arrested for entering the subway without paying a fare. The police had probable cause to believe that defendant had committed in their presence both a misdemeanor (theft of services, Penal Law § 165.15 [3]) and a violation (trespass, Penal Law § 140.05). Thus, they were entitled to place defendant under arrest (CPL 140.10 [1]). The search of defendant was contemporaneous with this arrest and therefore lawful (*Chimel v California,* 395 US 752). Such a search incidental to arrest is proper without regard to whether the officer fears the particular suspect may be armed (*United States v Robinson,* 414 US 218, 235; *People v Weintraub,* 35 NY2d 351, 353-354). The fact that the officers may have lacked reason to believe defendant was armed sufficient to justify a frisk was therefore irrelevant.

In addition, the fact that the police could have issued a summons rather than arrest him was also irrelevant. Thus, the Court of Appeals has held that a contemporaneous search was justified when incidental to a custodial arrest "for criminal trespass — a violation or a misdemeanor" where presumably the police could have issued a summons in lieu of arrest (*People v Weintraub, supra,* at p 353; *see also, People v King,* 102 AD2d

710). Concur — Murphy, P. J., Sandler, Asch, Fein and Milonas, JJ.