■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR ENGLISH, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered April 18, 1988, convicting him of attempted criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We agree with the hearing court's determination that there was probable cause to arrest the defendant for operating as an

unlicensed home improvement contractor in violation of Local Laws, 1970, No. 6 of County of Nassau (Nassau County Administrative Code § 21-11.2). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed" *(People v Bigelow,* 66 NY2d 417, 423; *see also, People v Brown,* 173 AD2d 629; *People v Rivera,* 166 AD2d 678). The People presented evidence at the hearing that the defendant, using a false name, entered into a contract to provide home improvement services. Information provided by the Nassau County Department of Consumer Affairs indicated that the defendant was not licensed as a home improvement contractor and that he was not employed by a licensed contractor when he entered into the contract. Since the defendant's arrest was based on probable cause, the court properly denied his motion to suppress the narcotics which were found on his person during a search incident to his arrest *(see, Chimel v California,* 395 US 752, 762-763; *People v Belton,* 55 NY2d 49, 52-53; *People v Amarillo,* 141 AD2d 551).

We find the defendant's remaining contentions to be without merit. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.