■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WAYNE BARCLAY, Also Known as DWIGHT D. BENNETT, SEAN GROSSETT, Also Known as STEVE CROSS, and PERRY A. RUMNIT, JR., Respondents. [607 NYS2d 531] —Order unanimously reversed on the law, motions denied and matter remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: County Court erred in granting defendants' motion to suppress the physical evidence seized by the police. The testimony at the suppression hearing establishes that defendant Barclay was lawfully arrested for exposure of a person, a violation (Penal Law § 245.01), which was committed in the officer's presence. The search of Barclay was thus authorized as a search incident to a lawful arrest (see, United States v Robinson, 414 US 218, 235; People v Weintraub, 35 NY2d 351, 354; People v Cox, 177 AD2d 963, lv denied 79 NY2d 855). Such a search is proper without regard to whether the officer fears that the suspect may be armed (People v Weintraub, supra, at 353-354; People v Anderson, 111 AD2d 109, 110).

The search of Barclay's vehicle was based upon properly

acquired probable cause after contraband was discovered on Barclay's person. Barclay had produced a Virginia driver's license and the automobile parked no more than 30 feet away and on the same side of the road had Virginia license plates. He admitted that it was his vehicle and was able to identify the two occupants only by their first names. The officer believed, based on his experience, that there might be drugs in the vehicle. Thus, the police had an objective credible reason to approach the parked vehicle to make inquiries of the occupants (see, People v Hollman, 79 NY2d 181; People v De Bour, 40 NY2d 210, 223). As the officer approached the vehicle, he observed in plain view on the rear seat a "blunt" cigar, an item associated with drug activity. In addition, he detected the odor of burning marihuana.

Defendant Rumnit consented to a search of his person. Voluntary consent is a valid substitute for probable cause (see, People v Hodge, 44 NY2d 553, 559; People v Gonzalez, 39 NY2d 122, 127-128). Upon searching Rumnit and finding contraband on his person, the officer had probable cause to place him under arrest. The fact that both Barclay and Rumnit had contraband on their persons provided the officer with reasonable cause to believe that the vehicle contained drugs, allowing him to search the vehicle as well as any closed containers therein (see, People v Harris, 190 AD2d 1043, 1045, lv denied 81 NY2d 971; see also, People v Blasich, 73 NY2d 673, 678-679; People v Ellis, 62 NY2d 393, 397; People v Langen, 60 NY2d 170, 180-181, cert denied 465 US 1028; People v Belton, 55 NY2d 49, 54-55, rearg denied 56 NY2d 646; People v Friedman, 168 AD2d 924, 925, lv denied 77 NY2d 906; People v Spencer, 130 AD2d 882, 883, lv denied 70 NY2d 878). Therefore, we conclude that the search of Barclay's vehicle was proper. (Appeal from Order of Onondaga County Court, Auser, J.—Suppress Evidence.) Present—Callahan, J. P., Pine, Fallon, Doerr and Davis, JJ.