■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LYMAN BOTHWELL, Respondent. [690 NYS2d 231] —Order, Supreme Court, New York County (James Yates, J.), entered on or about January 15, 1998, which granted defendant's motion to suppress 35 bags of crack cocaine seized from his person, unanimously reversed, on the law, defendant's motion denied, and the matter remanded for further proceedings.

The evidence presented at the suppression hearing established that, at about 10:00 P.M. on July 12, 1997, Police Officer Thomas Tergeson and two other officers were on uniformed patrol in a marked police car in the vicinity of Amsterdam Avenue and West 140th Street. The officers were members of the Manhattan North Initiative Unit within the 30th Precinct. The Unit's duties were to police "quality of life" offenses such as public gambling, public urination and public consumption of alcohol.

Officer Tergeson, riding in the front passenger seat, observed defendant "drinking a beer on the sidewalk". Defendant was leaning against a wall, apparently engaged in conversation with three or four men who stood in a semi-circle around him. He was holding in front of him a brown paper bag containing a partially concealed open green bottle with a white label on it which, Tergeson believed, contained an "alcoholic beverage".

Upon seeing the police officers, the men dispersed. Defendant placed the brown paper bag containing the bottle on the ground by his feet and "ducked" into a nearby luncheonette. Officer Tergeson and his partner followed defendant into the luncheonette intending to issue defendant a summons for public consumption of alcohol (a violation of the City's "Open Container Law" [Administrative Code of City of NY § 10-125 (b)]). As he approached the store, Officer Tergeson noticed that the abandoned brown bag contained a Heineken beer bottle. However, he did not ascertain if the bottle contained any beer.

Upon entering the store, the officer found the luncheonette to be very crowded. Concerned about safety, he asked defendant to step outside. Defendant refused. Officer Tergeson then repeated his request several times and, when defendant still did not comply, he and his partner each grabbed defendant by the arm and attempted to "escort" him outside. Defendant resisted the officers' efforts, leaning away from them and placing his hands against the wall.

Officer Tergeson and his partner then physically pulled defendant out of the store. As they did so, red baggies of cocaine fell out of defendant's clenched fists. After some continued resistance, defendant was placed under arrest. A total of 35 bag-

gies of cocaine were recovered from the ground and from defendant's hands. The Heineken bottle was not vouchered.

The suppression court credited Officer Tergeson's testimony in most respects, but rejected his testimony that he had seen defendant "drinking". The court concluded, based on the officer's responses to specific questioning, that he only saw defendant "holding" the beer bottle: "[T]he police were not authorized to arrest defendant for a violation of the Open Container Law because they did not see him drinking beer from the bottle and never ascertained if the bottle contained beer or was empty".

The court acknowledged that, pursuant to CPL 140.10 (1) (a), a police officer may arrest an individual when he has reasonable cause to believe that the person has committed an offense in his presence, but concluded, nevertheless that an arrest was not justified in the instant case because there was no evidence that an offense was committed in the officers' presence. In making this determination, the court engaged in an extended discussion of *People v Lee* (58 NY2d 491) in which the Court of Appeals struck down, as unconstitutional, a Monticello ordinance which prohibited possession of an open container of alcohol in public, without requiring proof of any intent to consume, while leaving open the question of whether a provision such as New York City's Open Container Law is constitutional.

Section 10-125 (b) of the Administrative Code makes it an offense to possess "an open container containing an alcoholic beverage in any public place" with intent to consume it. The statute also creates a rebuttable presumption that anyone possessing an open container of alcohol intends to consume it (Administrative Code § 10-125 [c]). Pursuant to CPL 140.10 (1) (a), a police officer is authorized to arrest a person for any offense when he has "reasonable cause to believe that such person has committed such offense in his presence." CPL 140.10 (2) provides that "[a] police officer may arrest a person for a petty offense, pursuant to subdivision one, only when: (a) Such offense was committed or *believed by him* to have been committed within the geographical area of such officer's employment; and (b) Such arrest is made in the county in which such offense was committed *or believed* to have been committed or in an adjoining county" (emphasis added). By its terms, the statute does not require that the offense in fact be committed in the presence of the officer (*see*, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 140.10, at 373-374).

"Reasonable cause" as used in CPL 140.10 is the equivalent of "probable cause" (*see, People v Johnson*, 66 NY2d 398, 402), i.e., "information which would lead a reasonable person who possesse[d] the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed" (*People v McRay*, 51 NY2d 594, 602). Probable cause (or in this case, reasonable cause) does not require proof sufficient to warrant a conviction (*supra*). In determining whether a police officer has probable or reasonable cause to justify his or her action, "the emphasis should not be narrowly focused on * * * any * * * single factor, but on an evaluation of the totality of circumstances, which takes into account the 'realities of everyday life unfolding before a trained officer who has to confront, on a daily basis, similar incidents'" (*People v Graham*, 211 AD2d 55, 58).

In the case at bar, the suppression court applied the wrong standard. In requiring evidence that Officer Tergeson either saw defendant drinking or ascertained whether the bottle contained beer or was empty, the court evaluated the sufficiency of the evidence to convict and not the reasonableness of the police conduct. However, the issue in this case was not whether defendant was guilty of a violation of the Administrative Code, but whether it was reasonable for Officer Tergeson to believe that defendant was holding an open bottle of beer with intent to drink it in public. The suppression court's extended consideration of *People v Lee* (*supra*), was therefore not relevant to the issue before it. The issue in *Lee* was the constitutionality of the Monticello ordinance and not whether the officers in that case had reasonable cause to believe that the defendant committed the offense at issue.

Here, Officer Tergeson, a trained officer on specific assignment to police quality of life offenses, observed defendant, engaged in conversation, holding in front of him a partially concealed open bottle resembling a beer bottle. Based on this observation, he concluded that defendant was drinking an alcoholic beverage in public. The officer's belief was not unreasonable since the concealment of the bottle suggested that it was an alcoholic beverage and the manner in which defendant held it in front of him while engaged in conversation suggested that the bottle was not empty. Defendant's reaction when the police officers stopped and exited their car heightened their suspicion that defendant had committed an offense. This suspicion was strengthened further when Tergeson saw that the bag contained a Heineken bottle. Even if the bottle were empty, it was reasonable to infer that defendant had just

finished consuming it. Thus, contrary to defendant's argument on appeal, Officer Tergeson had reasonable cause to believe that he had committed an offense.

The officers' conduct upon entering the luncheonette was likewise reasonable. At that point, they had no intention of arresting defendant, but merely intended to issue him a summons after ascertaining that he had proper identification. Given the crowded conditions in the luncheonette, it was reasonable for Officer Tergeson to ask defendant to step outside. Defendant's subsequent reaction justified the limited seizure required to take defendant outside the luncheonette. The police officers could hardly be expected to abandon their attempt to issue a summons because defendant would not comply with their order and their plain view observation of contraband rendered superfluous the issuance of a summons for the Administrative Code violation. Concur—Rosenberger, J. P., Williams, Andrias, Saxe and Buckley, JJ.