■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE GLASGOW, Appellant. [708 NYS2d 668] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion to suppress physical evidence seized from defendant at the time of his arrest. The arresting officer had reasonable cause to believe that defendant committed the offense of harassment in the second degree (Penal Law § 240.26) in his presence and was thus entitled to arrest defendant without a warrant (*see,* CPL 140.10 [1] [a]; *People v De Bour,* 40 NY2d 210, 223). The search of defendant was authorized as a search incident to that lawful arrest (*see, People v Barclay,* 201 AD2d 952).

The court did not abuse its discretion in summarily denying defendant's *pro se* motion to withdraw the plea of guilty (*see, People v Rudenko,* 243 AD2d 588, *lv denied* 91 NY2d 879). The assertion of defendant that the victim of the harassment was unwilling to cooperate with the prosecution does not entitle him to withdraw his plea (*see, People v Boyce,* 107 AD2d 754). Appeal from Judgment of Ontario County Court, Sirkin, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Green, J. P., Wisner, Hurlbutt and Balio, JJ.