■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. WELCH, Appellant. [734 NYS2d 768] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]) arising from his possession of a quantity of cocaine that police found in his pocket following his arrest for disorderly conduct. County Court properly denied defendant's motion to suppress the cocaine. Contrary to the contention of defendant, the police properly approached defendant, who was using a public telephone on a street corner, to question him. A police officer testified that, a few minutes earlier that evening, he had observed defendant and another man conducting a hand-to-hand transaction in an alleyway in an area known for drug trafficking. When the officers approached the alleyway, defendant fled on a bicycle. Defendant's actions provided the officers with a founded suspicion that criminal activity was afoot, and thus the officers at a minimum were entitled to make inquiry of defendant (*see, People v Turner*, 275 AD2d 924, *lv denied* 95 NY2d 939; *see generally, People v Hollman*, 79 NY2d 181, 185). The officer further testified that, when he sought to question defendant about his identity and presence in the alleyway, defendant became very loud and abusive and began using obscene language as a crowd began to form. He then placed defendant under arrest for disorderly conduct (Penal Law § 240.20 [2], [3]). Although several witnesses testified on behalf of defendant that he had not used obscenities or become loud and abusive, that testimony merely raised an issue of credibility that the court resolved in favor of the police. The court's findings of credibility are entitled to great weight and should not be disturbed where, as here, they are supported by the record (*see, People v Prochilo*, 41 NY2d 759, 761; *People v Love*, 273 AD2d 842). Contrary to the contention of defendant, the police had probable cause to arrest him for disorderly conduct (*see, People v McDermott*, 279 AD2d 361, *lv denied* 96 NY2d 803). The search of defendant was thus authorized as a search incident to a lawful arrest (*see, United States v Robinson*, 414 US 218, 235; *People v Weintraub*, 35 NY2d 351, 353-354; *People v Barclay*, 201 AD2d 952).

We have examined the contentions of defendant in his *pro se* supplemental brief and conclude that they lack merit (*see, People v Willis*, 261 AD2d 946, *lv denied* 93 NY2d 1029). (Ap-

peal from Judgment of Niagara County Court, Broderick, Sr., J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Burns and Gorski, JJ.