■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THEODORE L. TAYLOR, Respondent. (Appeal No. 1.) [741 NYS2d 822] —Appeal from an order of Steuben County Court (Bradstreet, J.), entered May 4, 2000, which granted defendant's motion to suppress physical evidence.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law and the motion is denied.

Memorandum: We agree with the People that County Court erred in granting the motion of defendant to suppress evidence seized from his person after his arrest. The court determined that defendant was properly arrested for violating a municipal open container ordinance in the arresting officer's presence (*see* CPL 140.10 [1] [a]). The court granted the motion, however, based upon its determination that the police were not permitted to conduct a full search of defendant's person absent some other behavior in addition to the open container violation giving rise to a suspicion that other illegal activity had occurred. In view of that determination, the court suppressed the crack pipe found in the pocket of defendant's shirt during the search. In addition, the court suppressed the cocaine found in the pocket of defendant's pants during a subsequent strip search at the police station. The court suppressed the cocaine based

on its view that the initial search was illegal and did not address the propriety of the strip search.

When the arresting officer approached defendant on the sidewalk because defendant was carrying an open can of beer, defendant stated his name but was unable to produce any identification. Under those circumstances, according to the policy of the City of Hornell Police Department, the officer was required to arrest defendant and obtain pre-arraignment bail rather than simply issuing an appearance ticket (*compare* CPL 150.20 [1] *with* 150.20 [2] [a]; 150.30 [1]). The officer told defendant that he was under arrest and handcuffed his hands behind his back. At that point, the officer noticed a "tubular object" in the pocket of defendant's shirt. Upon removing the object, the officer determined that it was a crack pipe. The officer, who was on bicycle patrol, then called for assistance, and defendant began "moving" his legs and "torso around." Defendant was transported to the police station, where the arresting officer conducted a strip search. During the search, the officer discovered eight baggies of rock cocaine in a pocket on the leg of defendant's cargo pants.

We conclude that the search of defendant's person conducted incident to defendant's arrest for the open container violation did not violate defendant's rights under the US Constitution Fourth Amendment (*see United States v Robinson*, 414 US 218, 235) or the NY Constitution, article I, § 12 (*see People v Welch*, 289 AD2d 936; *People v Glasgow*, 272 AD2d 914, *lv denied* 95 NY2d 852; *People v Barclay*, 201 AD2d 952). Under the Fourth Amendment to the US Constitution, a full search of a person incident to a lawful custodial arrest "is not only an exception to the warrant requirement * * *, but is also a 'reasonable' search under that Amendment" (*Robinson*, 414 US at 235; *see People v Troiano*, 35 NY2d 476, 478). Although the Court of Appeals has determined that NY Constitution, article I, § 12 imposes some limits on such searches not found under the Fourth Amendment, particularly in the area of arrests for minor traffic violations (*see e.g. People v Marsh*, 20 NY2d 98, 101), the Court has also determined that, "[w]hile based upon the need to disarm and to discover or preserve evidence, the authority to search incident to a lawful custodial arrest should not turn on what a court later determines was the probability that weapons or evidence would be found in the defendant's possession. The lawful custodial arrest being a constitutionally reasonable intrusion upon the defendant's privacy, the search incident requires no additional justification" (*People v Weintraub*, 35 NY2d 351, 353-354; *see Barclay*, 201 AD2d at 952).

Here, once the officer discovered the crack pipe, defendant began moving his torso and legs about in a suspicious manner, making it difficult for the officer, who was smaller in stature, to control him or search him further while awaiting assistance. Under those circumstances, there was reasonable suspicion to subject defendant to a strip search at the station house (*cf. Weber v Dell*, 804 F2d 796, 802, *cert denied sub nom. Monroe County v Weber,* 483 US 1020). We therefore reverse the order in appeal No. 1 and deny defendant's suppression motion, and we vacate the order in appeal No. 2 (*see* CPL 450.50 [2]), reinstate the indictment, and remit the matter to Steuben County Court for further proceedings on the indictment. Present—Pigott, Jr., P.J., Hayes, Hurlbutt and Lawton, JJ.