■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES JOHNSON, Respondent, v NEW YORK STATE DIVISION OF PAROLE, Appellant. [750 NYS2d 696] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered January 23, 2002, which granted the petition for a writ of habeas corpus and ordered the release of petitioner.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: In this habeas corpus proceeding conducted ancillary to parole revocation proceedings, respondent appeals from a judgment that granted the petition and ordered that petitioner be discharged from custody pending his final parole revocation hearing. Supreme Court determined that the evidence underlying the probable cause determination had been procured by the police in violation of petitioner's right to be free from unreasonable search and seizure and that the detention of petitioner was therefore unlawful. Respondent contends that a habeas corpus proceeding is not the appropriate vehicle

for challenging the legality of a parolee's detention on the ground that the evidence relied upon by the Hearing Officer at the preliminary parole revocation hearing was unconstitutionally obtained. Respondent further contends that the court erred in determining that petitioner's right to be free from unreasonable search and seizure had been violated.

We agree with respondent that the court erred in granting petitioner habeas corpus relief under these circumstances. Although "the exclusionary rule applies to all stages of the parole revocation process, including a preliminary parole revocation hearing * * *, any action by a Hearing Officer is a judicial function that is not reviewable if done in accordance with law" (*People ex rel. Victory v Travis,* 288 AD2d 932, 933, *lv denied* 97 NY2d 611). "A Hearing Officer has no authority to rule on suppression issues * * *. Thus, in the absence of a prior judicial determination that evidence presented at a preliminary parole revocation hearing has been illegally obtained, a Hearing Officer may consider that evidence on the issue of probable cause" (*id.*). "A subsequent judicial determination suppressing that evidence does not undermine the validity of the probable cause determination * * * [because] evidence that has not been suppressed may supply the basis for a probable cause determination at a preliminary parole revocation hearing" (*id.*). "Thus, a parolee may not bring a habeas corpus proceeding seeking to litigate the legality of the evidence received at a preliminary parole revocation hearing after that hearing has been completed" (*id.*). We therefore reverse the judgment and dismiss the petition.

We note, however, that a parolee "cannot be denied the opportunity to litigate in court the prospective use of that evidence against him at a final parole revocation hearing" (*id.*). Thus, we reach the merits of the suppression issue, which was litigated in Supreme Court. We conclude that the court erred in determining that the search and seizure to which petitioner was subjected was unreasonable. According to the testimony presented at the hearing on the habeas corpus petition, the attention of the police was drawn to a vehicle being driven by petitioner because loud music was emanating from the vehicle. We conclude that the police were entitled to approach the vehicle, after it had been pulled over by petitioner, on the basis of the perceived violation of a local noise ordinance (*see People v Ocasio,* 85 NY2d 982, 985; *People v Harrison,* 57 NY2d 470, 475-476; *People v Stebbins,* 278 AD2d 942, *lv denied* 96 NY2d 807; *People v Grady,* 272 AD2d 952, *lv denied* 95 NY2d 905), regardless of whether that ordinance was later determined to

be unconstitutionally vague (*see Michigan v DeFillippo,* 443 US 31, 37-40; *People v Pantusco,* 107 AD2d 854, 855-856; *People v Talbert,* 107 AD2d 842, 843). As part of that approach and request for information, the police were entitled to question petitioner with respect to his identity and to ask for identification papers (*see People v Hollman,* 79 NY2d 181, 184, 190-191). They were further entitled to order petitioner to exit the vehicle pending their inquiry (*see Maryland v Wilson,* 519 US 408, 412; *Pennsylvania v Mimms,* 434 US 106, 109-111; *People v Robinson,* 74 NY2d 773, 774, *cert denied* 493 US 966). Further, the police were entitled to arrest petitioner for a violation of the local ordinance committed in their presence (*see* CPL 140.10 [1] [a]; Penal Law § 10.00 [1], [3]; *see also People v Taylor,* 294 AD2d 825, 825; *People v Bothwell,* 261 AD2d 232, 233, *lv denied* 93 NY2d 1026; *People v Riddick,* 224 AD2d 782, 783; *Pantusco,* 107 AD2d 854; *cf. People v English,* 185 AD2d 243, 244). In addition, the police were authorized to search petitioner incident to that lawful arrest (*see People v Weintraub,* 35 NY2d 351, 353-354; *Taylor,* 294 AD2d at 826; *People v Welch,* 289 AD2d 936, *lv denied* 98 NY2d 641). "Such a search is proper without regard to whether the officer fears that the suspect may be armed" (*People v Barclay,* 201 AD2d 952, 952; *see Weintraub,* 35 NY2d at 353-354; *see generally DeFillippo,* 443 US at 39-40). The result is no different merely because the police had, at the time of the announced arrest and incidental search, already decided to issue petitioner an appearance ticket (*see People v King,* 102 AD2d 710, 710, *affd* 65 NY2d 702; *People v Conte,* 159 AD2d 993, 995, *lv denied* 76 NY2d 733; *People v Anderson,* 111 AD2d 109, 110-111; *see generally* CPL 140.20 [2]; 150.20 [2] [a]; 150.30 [1]). We thus conclude that the conduct of the police during their encounter with petitioner was reasonable at its inception and at every subsequent stage. Consequently, the court erred in determining that all tangible evidence seized and all observations made by the police during that encounter are subject to suppression. Present—Pine, J.P., Hayes, Hurlbutt, Kehoe and Burns, JJ.