■ In the Matter of JONATHAN McL., a Person Alleged to be a Juvenile Delinquent, Appellant. [757 NYS2d 252] —Order of disposition, Family Court, Bronx County (Harold Lynch, J.), entered on or about August 7, 2001, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would

constitute the crime of criminal possession of a controlled substance in the fifth degree, and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months, unanimously affirmed, without costs.

Appellant's suppression motion was properly denied. The record supports the suppression court's determination that the police conduct here was proper. The police responded to a livery cab driver's request for assistance in resolving a dispute with appellant, a passenger in the cab. The police were performing a public service function of attempting to settle a dispute, and were not engaged in their criminal law enforcement capacity, when they approached the cab, asked appellant where he was going and requested that appellant get out so that they could talk to him (*see People v Hollman*, 79 NY2d 181, 189 [1992]). Even if we were to find that the officers were engaged in their criminal law enforcement capacity at the time they approached appellant, we would construe the encounter as analogous to a vehicle stop initiated by the cab driver, so that the officers' request that appellant get out of the cab constituted a minimal additional intrusion, particularly since the cab driver was already out of the cab and talking to the police (*compare Maryland v Wilson*, 519 US 408 [1997], *with People v Harrison*, 57 NY2d 470 [1982]). In any event, appellant was arrested as the result of his independent unlawful conduct in flailing his arms and yelling obscenities, all in the presence of a gathering crowd. This provided probable cause to arrest appellant for disorderly conduct (*see* Penal Law § 240.20 [1], [2], [3], [7]; *People v Shapiro*, 96 AD2d 626 [1983]). Appellant appeared to be at least 16 years old and thus subject to arrest for a violation. Accordingly, the drugs recovered from appellant's person were properly seized as incident to a lawful arrest. Concur—Mazzarelli, J.P., Buckley, Sullivan, Ellerin and Lerner, JJ.