■ The People of the State of New York, Respondent, v Robert Neely, Appellant. [796 NYS2d 61]—

Judgment, Supreme Court, New York County (Herbert I. Altman, J., at hearing; Arlene R. Silverman, J., at plea and sentence), rendered September 12, 2002, convicting defendant of criminal possession of a weapon in the third degree, and

sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). We reject defendant's argument that the police testimony was tailored to meet constitutional objections. Defendant's other arguments are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the reason for the police pursuit of defendant was his violation of the Open Container Law (Administrative Code of City of NY § 10-125 [b]) followed by his flight, and that the police were entitled to pursue him for this reason (*People v Delgado*, 4 AD3d 310 [2004], *lv denied* 2 NY3d 798 [2004]). During the course of the chase, the officers' "plain view observation of contraband rendered superfluous the issuance of a summons for the Administrative Code violation" (*People v Bothwell*, 261 AD2d 232, 235 [1999], *lv denied* 93 NY2d 1026 [1999]) and justified defendant's arrest, whereupon a lawful search incident to that arrest yielded additional contraband. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Williams, JJ.