■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RECARDO J. ORMSBY, Appellant. [816 NYS2d 623]—

Carpinello, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered December 23, 2002, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree arising out of his possession of crack cocaine after being arrested for disorderly conduct and littering. County Court properly denied defendant's motion to suppress the drugs found on his person that day. Thus, we affirm.

Testimony adduced at the suppression hearing established that a police officer observed defendant throwing a water balloon across a moderately busy city street at the beginning of rush hour one afternoon, striking a bus. This officer then saw defendant throw two more water balloons into traffic at another vehicle.* Moreover, again according to this officer, defendant

---

* Although defendant's friend testified at the suppression hearing that defendant only threw two water balloons that afternoon, that he was aiming at a person and that traffic was lighter than suggested by the officer, we note that

stopped short of hurling a fourth balloon at a tractor trailer as a police cruiser proceeded up the street. Defendant was immediately arrested for disorderly conduct and littering, at which time he was searched and eight pieces of crack cocaine were retrieved from his pocket.

Contrary to defendant's contention, the police officer had probable cause to arrest him that afternoon for both disorderly conduct and littering (*cf. People v Delhall,* 131 AD2d 870 [1987]). This being the case, the search was authorized as a search incident to a lawful arrest (*see People v Weintraub,* 35 NY2d 351, 353-354 [1974]; *People v Taylor,* 294 AD2d 825, 826 [2002]; *People v Welch,* 289 AD2d 936 [2001], *lv denied* 98 NY2d 641 [2002]; *People v Brewer,* 200 AD2d 579, 581 [1994], *lv denied* 83 NY2d 869 [1994], *cert denied* 513 US 850 [1994]; *see generally Matter of Jonathan McL.,* 303 AD2d 169, 170 [2003], *lv denied* 100 NY2d 506 [2003]). Accordingly, his motion to suppress was properly denied.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.

---

this testimony merely raised a credibility issue for County Court to resolve (*see People v Prochilo,* 41 NY2d 759, 761 [1977]). We further note that this friend readily acknowledged that defendant in fact hit a moving bus with a water balloon.