■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEWIS, Appellant. [857 NYS2d 87]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J., at hearing; Daniel P. FitzGerald, J., at plea and sentence), rendered March 8, 2007, convicting defendant of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The officer had probable cause to believe that defendant had committed a violation in his presence (see CPL 140.10 [1] [a]; [2] [a]). The pertinent portions of Arts and Cultural Affairs Law §§ 25.11 and 25.35 make it a violation to resell or offer to resell (at any price) tickets to an entertainment venue seating over 5,000 persons, within 1,500 feet of the building. The officer observed defendant saying to passersby "I got tickets, Billy Joel tickets," approximately 200 feet from the entrance to Madison Square Garden, where Mr. Joel was scheduled to perform. Defendant's conduct was clearly inconsistent with that of an innocent man, and it had no rational explanation except that defendant was offering to sell Billy Joel tickets. In any event, probable cause does not require proof beyond a reasonable doubt or the exclusion of every reasonable innocent explanation (see e.g. People v Mercado, 68 NY2d 874, 877 [1986], cert denied 479 US 1095 [1987]). Furthermore, we reject defendant's argument that, before making an arrest, the officer was obligated to ask defendant to explain his behavior. In view of the unequivocal conduct the officer had already observed, it is unlikely that any explanation would have negated probable cause.

Since the officer had probable cause, he properly arrested defendant and, pursuant to that arrest, searched him and found counterfeit Billy Joel tickets and heroin. The officer's decision to make an arrest was not invalidated by the fact that he had the option of issuing a summons instead, and a search incident to an arrest for a violation is lawful regardless of whether there is reason to suspect the presence of weapons or evidence would be found on defendant's person (People v Weintraub, 35 NY2d 351, 353-354 [1974]; People v Anderson, 111 AD2d 109, 110 [1985]). These principles apply equally to arrests for violations defined in statutes other than the Penal Law (see e.g. People v

*Taylor*, 294 AD2d 825, 826 [2002] [open container ordinance]). While there is an exception for minor vehicular offenses (*see People v Marsh*, 20 NY2d 98 [1967]), we see no reason to apply it here. A major rationale underlying *Marsh* and other traffic cases is that "except in the most rare of instances, there can be no 'fruits' or 'implements' of such infractions." (*Id.* at 101.) Here, the fact that defendant had counterfeit tickets on his person illustrates the potential that a person violating Arts and Cultural Affairs Law § 25.11 might be carrying evidence or instrumentalities of a crime. Concur—Tom, J.P., Mazzarelli, Andrias and Williams, JJ.