■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO PACE, Appellant. [38 NYS3d 827]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 16, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [3]), defendant contends that Supreme Court erred in refusing to suppress a handgun and his oral statements to the police. We reject that contention. The police were entitled to arrest defendant for a violation of the local open container ordinance committed in their presence (*see People v Taylor*, 294 AD2d 825, 825 [2002]; *People v Bothwell*, 261 AD2d 232, 234-235 [1999], *lv denied* 93 NY2d 1026 [1999]; *see generally* CPL 140.10 [1] [a]; *People ex rel. Johnson v New York State Div. of Parole*, 299 AD2d 832, 834 [2002], *lv denied* 99 NY2d 508 [2003]), and the police were authorized to search defendant's person incident to his lawful arrest (*see People v Williams*, 39 AD3d 1269, 1270 [2007], *lv denied* 9 NY3d 871 [2007]; *Johnson*, 299 AD2d at 834; *Taylor*, 294 AD2d at 826). The sentence is not unduly harsh or severe. Present—Whalen, P.J., Centra, NeMoyer, Troutman and Scudder, JJ.