The People of the State of New York, Respondent,
against
Joseph S. Runza, Appellant.




Anthony M. Giordano, for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

Appeal from five judgments of the Justice Court of the Town of Poughkeepsie, Dutchess County (Paul Sullivan, J., at suppression hearing; Stephen L. Krakower, J., at trial and sentencing), rendered July 13, 2016. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated (per se), driving while intoxicated (common law), resisting arrest, failing to obey a lawful order, and disobeying a traffic control signal, respectively, and imposed sentences.




ORDERED that the judgments of conviction are affirmed.
On February 16, 2014, the People charged defendant, in separate simplified traffic informations, with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), failing to obey a lawful order (Vehicle and Traffic Law § 1102), and disobeying a traffic control signal (red light) (Vehicle and Traffic Law § 1111 [d] [1]). The People also charged defendant, in an information, with resisting arrest (Penal Law § 205.30). Defendant's motion to suppress physical evidence and statements was granted to the extent of ordering a Huntley hearing, after which suppression of statements was denied. Following a jury trial, defendant was convicted of all of the charges, and sentenced to 60 days' incarceration on the conviction of resisting arrest and to concurrent, lesser terms of incarceration and/or fines on the remaining convictions.
Upon a review of defendant's motion to suppress evidence, we agree with the trial court's determination that, with respect to the branches of the motion seeking the suppression of physical evidence and statements (Mapp/Dunaway), defendant's moving papers failed to establish issues of material fact that would require a probable cause hearing (see CPL 710.60 [3]; People v Burton, 6 NY3d 584, 587 [2006]; People v Mendoza, 82 NY2d 415, 427 [1993]). Defendant's allegations amounted to little more than a denial of wrongdoing at the time of the arrest (People v Garay, 25 NY3d 62, 72 [2015]; see also People v Carota, 93 AD3d 1072, 1077 [2012]; People v [*2]Cameron, 74 AD3d 1223, 1224 [2010]; People v Wright, 54 AD3d 695, 696 [2008]), and, in any event, defendant conceded in his motion papers that he had committed or had engaged in conduct that amounted to a traffic infraction (see Vehicle and Traffic Law § 1111 [d] [1]; People v Alexander, 161 AD3d 762, 763 [2018]), which justified a stop and, under the particular circumstances presented, an arrest (see CPL 140.10 [1] [a]; 1.20 [39]; People v Weintraub, 35 NY2d 351, 353 [1974]; People v King, 137 AD3d 1424, 1425 [2016]; People v Lewis, 50 AD3d 595, 595 [2008]).
We also find that the trial court's determinations to preclude the testimony of defendant's two experts did not represent an improvident exercise of discretion. As a general rule, " 'the admissibility and limits of expert testimony lie primarily in the sound discretion of the trial court' " (People v Bedessie, 19 NY3d 147, 156 [2012], quoting People v Lee, 96 NY2d 157, 162 [2001]), and its determination " 'will not be disturbed in the absence of serious mistake, an error of law or abuse of discretion' " (People v Greene, 153 AD2d 439, 449-450 [1990], quoting Werner v Sun Oil Co., 65 NY2d 839, 840 [1985]; see also People v Linden, 52 Misc 3d 134[A], 2016 NY Slip Op 51019[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). To qualify as an expert it must be shown that he or she "possess[es] . . . the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (Matott v Ward, 48 NY2d 455, 459 [1979]; see also People v White, 75 AD3d 109, 124 [2010]; Matter of Enu v Sobol, 208 AD2d 1123, 1124 [1994]). "Expert opinions which are contingent, speculative, or merely possible lack probative force and are, therefore, inadmissible" (People v Robinson, 174 AD2d 998, 999 [1991] [internal quotation marks and citations omitted]). Here, neither of the experts were qualified in the operation of the DataMaster instrument used to test defendant's blood alcohol content (see People v Morales, 57 Misc 3d 153[A], 2017 NY Slip Op 51592[U], *4 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]), and defendant's counsel made no offer of proof to support his claim that a connection exists between taser exposure, lung bleeding, and an elevated blood alcohol level, much less that his proposed witnesses had any relevant training. As for defendant's claim that the operator of the device used to test defendant's blood alcohol content manipulated the device to produce an incriminating result, defense counsel likewise produced no grounds, even theoretical, as to what sort of manipulation was possible, much less for a belief that such a manipulation occurred in defendant's case. Thus, absent a showing of "serious mistake, an error of law or abuse of discretion" (People v Greene, 153 AD2d at 450 [internal quotation marks omitted]), the Justice Court did not err in precluding the expert witnesses. 
We also find that the Justice Court did not abuse its discretion in sentencing defendant to concurrent terms of 60 days' incarceration on the misdemeanor convictions (see People v Suitte, 90 AD2d 83 [1982]). The trial proof, the sufficiency of which defendant does not contest, established that after being observed passing a red light without stopping on a roadway adversely affected by winter weather conditions, defendant ignored the efforts of multiple police officers, in separate marked vehicles with activated lights and sirens, to have him stop and, instead, he repeatedly drove around police vehicles positioned in the center of the roadway to halt his progress. When finally stopped, defendant emerged from his vehicle with his arms raised, and he refused official orders that he return to the driver's seat. Defendant resisted an officer's attempt to handcuff him, after which an altercation began involving three officers, who effected an arrest [*3]after a struggle that continued for several minutes and which ended only after the use of a taser device. A breath test of defendant's blood alcohol test produced a reading of .13 of one per centum by weight.
We have considered defendant's remaining contentions and find them to be without merit (see People v Halter, 19 NY3d 1046, 1051 [2012]; People v Petty, 7 NY3d 277 [2006]; People v Kelly, 62 NY2d 516, 521 [1984]).
Accordingly, the judgments of conviction are affirmed. 
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2018