The People of the State of New York,
against
Papa Niang, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Curtis Farber, J.), rendered August 17, 2017, convicting him, after a nonjury trial, of unlicensed general vending, and imposing sentence.




Per Curiam.
Judgment of conviction (Curtis Farber, J.), rendered August 17, 2017, affirmed. 
The accusatory instrument was not jurisdictionally defective. The information - comprising the misdemeanor complaint and supporting deposition of the arresting police officer - alleged, in sum and substance, that at a specified time at the corner of Canal Street and Broadway, defendant, without the requisite license, displayed and offered to sell three wallets that he was holding in his hand and that the officer saw defendant "give the merchandise to [a] customer in exchange for United States currency." These allegations were "sufficiently evidentiary in character" (People v Allen, 92 NY2d 378, 385 [1998]) to support the sale or offer for sale element of the offense and established reasonable cause to believe that defendant was guilty of unlicensed general vending (see Administrative Code of City of NY § 20-453; People v Kasse, 22 NY3d 1142 [2014]; People v Abdurraheem, 94 AD3d 569 [2012], lv denied 19 NY3d 970 [2012]). Contrary to defendant's contention, the information was not required to allege the inapplicability of the "written" materials exception to the permit requirement (see People v Davis, 13 NY3d 17, 31 [2009]; see also People v Reddick, 61 Misc 3d 147[A], 2018 NY Slip Op 51712[U] [App Term, 1st Dept 2018]). 
The court properly denied defendant's suppression motion. There is no basis to disturb the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Martin, 112 AD3d 453, 454 [2013]). The arresting officer's observations of the defendant's conduct, including his display of the wallets to a buyer, the exchange of money, and defendant's abrupt return of the money to the buyer (who subsequently confirmed that he had paid $100 for the wallets) when the officer approached, established probable cause for defendant's arrest (see People v Dunbar, 72 AD3d 566 [2010], lv denied 15 NY3d 804 [2010]; see People v Lewis, 50 AD3d 595 [2008], lv denied 11 NY3d 790 [2008]). 
Defendant did not preserve his present contention that the search of his bag was not properly conducted as a search incident to arrest. Defendant made completely different [*2]arguments, and gave no indication that he was challenging the search of his bag under the principles expressed in People v Gokey (60 NY2d 309 [1983]) (see People v Jimenez, 109 AD3d 764 [2013]). We decline to review this unpreserved claim in the interest of justice.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Again, no basis is shown to disturb the court's determinations concerning credibility.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: February 25, 2019