People v Wesley (2019 NY Slip Op 06714)





People v Wesley


2019 NY Slip Op 06714


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Sweeny, J.P., Richter, Kapnick, Kern, Singh, JJ.


9876 4362/14

[*1]The People of the State of New York, Respondent,
v
Antoinette Wesley, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Kerry Elgarten of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J. at suppression hearing; Robert M. Stolz, J. at jury trial and sentencing), rendered April 6, 2016, convicting defendant of criminal possession of a weapon in the third degree, petit larceny and criminal possession of stolen property in the fifth degree, and sentencing her, as a second felony offender, to an aggregate term of 2½ to 5 years, unanimously affirmed.
The court properly denied defendant's suppression motion. An officer saw defendant engage in a pattern of conduct, including concealing store merchandise in her purse and bag, that clearly indicated that she was shoplifting. The officer did not see defendant move toward the back of the store where the registers were located, and defendant's pattern of behavior rendered it highly unlikely that she paid for the merchandise during a brief period that the officer lost sight of her. Accordingly, the officer had probable cause to arrest defendant as she left the store. "[P]robable cause does not require proof beyond a reasonable doubt or the exclusion of every reasonable innocent explanation (People v Lewis, 50 AD3d 595, 595 [1st Dept 2008], lv denied 11 NY3d 790 [2008]).
Furthermore, defendant lacked standing to seek suppression of a knife found in a police transport van. The evidence supports the inference that she purposefully discarded it while riding in the van (see e.g. People v Febo, 167 AD3d 451 [1st Dept 2018], lv denied 33 NY3d 948 [2019]).
Defendant did not preserve her claim that the trial court should have delivered a circumstantial evidence charge, and we decline to review it in the interest of justice. As an alternative holding, we find that the circumstantial evidence that defendant possessed the knife found in the police van was
overwhelming and there was no reasonable possibility that the absence of a circumstantial evidence charge caused any prejudice (see People v Brian, 84 NY2d 887, 889 [1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK