People v Johnson (2020 NY Slip Op 02708)





People v Johnson


2020 NY Slip Op 02708


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Acosta, P.J., Renwick, Richter, González, JJ.


11467 1585/13

[*1] The People of the State of New York, Respondent,
v
Brian Johnson, Defendant-Appellant.


Christina Swarns, Office of The Appellate Defender, New York (Caitlin Glass of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered October 2, 2015, convicting defendant, after a jury trial, of four counts of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously reversed, on the law, and the indictment dismissed.
Defendant's protestation at trial that the People had not proven "all the essential elements of the charges" was sufficient to preserve the issue on appeal. Even if not preserved, we would review it in the interest of justice. The evidence was not legally sufficient to establish defendant's guilt beyond a reasonable doubt (see People v Delamota, 18 NY3d 107, 113 [2011]). The People failed to prove that defendant knew that the four New York Rangers tickets at issue were counterfeit (see Penal Law § 170.25; People v Johnson, 65 NY2d 556, 561 [1985]).
Defendant approached Rangers fans outside of Madison Square Garden before a game, and at one point said "tickets, tickets." He was on a cell phone call for a few seconds with an unspecified caller, the substance of which was not overheard. Defendant then met an unapprehended man, who gave defendant an envelope, which he immediately passed to a codefendant. The envelope, which the police recovered from the codefendant, contained a birthday card and the four forged Rangers tickets.
The evidence suggested that defendant sought to buy or sell tickets, but it did not show that he knew the tickets in question were forged. Even if the evidence established that defendant knowingly acted in concert with one or more other persons to sell tickets, in the circumstances presented this failed to support an inference that he knew he was selling forged tickets. His momentary possession of the envelope as he took it from one man and handed it to another, without looking inside or otherwise seeing the tickets, and the lack of any evidence of the codefendant's conduct, besides his walking with defendant and receiving the tickets, does not suffice to establish that defendant knew the tickets were forged, either personally or while acting in concert with the codefendant.
Defendant's flight from a plainclothes officer, whom defendant may have recognized, was too equivocal to prove that he knew the tickets inside the envelope were forged. There are other reasonable explanations for defendant's flight, such as his potential awareness that it is unlawful to sell tickets, even if genuine, in the vicinity of the Garden (see Arts and Cultural Affairs Law §§ 25.11[1], 25.35[4]; People v Lewis, 50 AD3d 595 [2008], lv denied 11 NY3d 790 [2008]).
In light of this determination, we do not reach defendant's claim that the evidence was legally insufficient in other respects, or any other issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK