People v Bell (2020 NY Slip Op 06364)





People v Bell


2020 NY Slip Op 06364


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Gische, J.P., Webber, González, Scarpulla, JJ. 


Ind No. 1677/14 Appeal No. 12256 Case No. 2015-2985 

[*1]The People of the State of New York, Respondent,
v
Clark Bell, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (David Crow of counsel), and White & Case, LLP, New York ((Lily Haeun Kim of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathan Cantarero of counsel), for respondent.



Judgment, Supreme Court, New York County (Ann M. Donnelly, J.), rendered October 22, 2014, convicting defendant, after a jury trial, of criminal possession of a forged instrument in the second degree (eight counts) and resisting arrest, and sentencing him, as a second felony offender, to an aggregate term of 3 to 6 years, unanimously affirmed.
Defendant's conviction for criminal possession of a forged instrument was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence at trial established that defendant knew that the New York Rangers tickets he possessed were counterfeit. Defendant's knowledge was established by circumstantial evidence. The officer to whom defendant offered the tickets, testified that when defendant showed her the tickets, she could tell they were counterfeit by the texture of the paper, the ink and the blurriness of the text. An investigator from Madison Square Garden testified as to the inferior quality of the paper, the color of the print, the blurry writing on the back and incorrect event codes. This case is distinguishable from People v Johnson (183 AD3d 401 [1st Dept 2020], lv denied 35 NY3d 1067 [2020]), where we found the defendant's receipt of an envelope with tickets from a third party and then his handing the envelope to a codefendant, was insufficient to show the defendant's knowledge that the tickets inside the envelope were counterfeit. Here, in making the sale to the officer, defendant retrieved the tickets from a flowerpot near Madison Square Garden and was in physical possession of the individual tickets, not merely the envelope containing them, when he displayed the tickets to the officer. The evidence showed he actually saw the forged tickets. Furthermore, testimony from one of the officers that he had encountered defendant selling tickets in front of Madison Square Garden just a week before his arrest indicated that defendant regularly sold tickets and therefore was likely to know whether the tickets he possessed were real or counterfeit (see People v Reisman, 29 NY2d 279, 285 [1971]).
Defendant's claim that his resisting arrest conviction was not supported by legally sufficient evidence is unpreserved and we decline to review it in the interest of justice.
As an alternative holding, we reject it on the merits. We also find that this verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020