People v Gaddy (2025 NY Slip Op 04584)

People v Gaddy

2025 NY Slip Op 04584

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-01695
 (Ind. No. 70866/22)

[*1]The People of the State of New York, respondent,
v
Tyrell Gaddy, appellant.

Matthew W. Brissenden, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Sarah S. Rabinowitz and Francine R. Michel of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Robert G. Bogle, J.), rendered February 8, 2024, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a firearm, criminal possession of a weapon in the fourth degree, and criminal possession of a controlled substance in the seventh degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of physical evidence and certain statements the defendant made to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was accused of various crimes relating to his possession of a weapon and controlled substances. Following a suppression hearing, the County Court granted the defendant's suppression application only to the extent of suppressing statements the defendant made in a police vehicle, and the court otherwise denied the defendant's suppression application. Thereafter, the defendant entered a plea of guilty, and sentence was imposed. He appeals, contending that the court should have suppressed physical evidence and other statements he made to law enforcement officials.
On a motion by a defendant to suppress physical evidence, "the People have the burden of going forward to show the legality of the police conduct in the first instance" (People v Whitehurst, 25 NY2d 389, 391 [emphasis omitted]). The defendant bears the ultimate burden of proving that the evidence should not be used against him or her (see People v Berrios, 28 NY2d 361, 367). The hearing court's credibility determinations are entitled to deference on appeal (see People v Jean-Jacques, 236 AD3d 1055, 1056; People v Faulk, 185 AD3d 953, 954).
Pursuant to People v De Bour (40 NY2d 210), there is "a graduated four-level test for evaluating the propriety of police encounters when a police officer is acting in a law enforcement capacity" (People v Benbow, 193 AD3d 869, 871 [internal quotation marks omitted]). "The first level permits a police officer to request information from an individual, and merely requires that the request be supported by an objective, credible reason, not necessarily indicative of criminality" (id. [internal quotation marks omitted]). "The second level, known as the common-law right of inquiry, requires a founded suspicion that criminal activity is afoot, and permits a somewhat greater intrusion" (id. [internal quotation marks omitted]). "Based upon a founded suspicion that criminal [*2]activity is afoot, the subject may be asked to produce identification, may be asked whether he [or she] has weapons, and may be asked to remove his [or her] hands from his [or her] pockets" (Matter of Shakir J., 119 AD3d 792, 794-795 [citation omitted]; see People v Muhammed, 196 AD3d 1151, 1152-1153). "The third level permits a police officer to forcibly stop and detain an individual" (People v Benbow, 193 AD3d at 871 [internal quotation marks omitted]). "Such a detention, however, is not permitted unless there is a reasonable suspicion that an individual is committing, has committed, or is about to commit a crime" (id. [internal quotation marks omitted]). "The fourth level authorizes an arrest based on probable cause to believe that a person has committed a crime" (id. [internal quotation marks omitted]).
Here, the police conduct was justified in light of the defendant's apparent violation of Code of the Village of Hempstead § 95-14, i.e., the Village of Hempstead's open-container law, and the defendant's conduct while interacting with the police (see People v Mack, 49 AD3d 1291, 1291-1292; People v Bothwell, 261 AD2d 232, 234-235; see also People v Mitchell, 148 AD3d 730, 731; People v Pace, 143 AD3d 1286, 1287). Once the defendant admitted to having both a gun and drugs on his person, the police recovery of these items from the defendant's person was justified as a search incident to lawful arrest (see People v Davis, 32 AD3d 445).
The defendant's remaining contentions are without merit.
Accordingly, the County Court properly denied suppression of physical evidence and certain statements the defendant made to law enforcement officials.
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court